632 P.2d 745
Gilbert Louis ATENCIO, Petitioner-Appellant,

v.

Hon. Elizabeth LOVE, Metropolitan Court Judge, Respondent-Appellee.

No. 13458.

Supreme Court of New Mexico.

Aug. 21, 1981.

Ralph C. Binford, Albuquerque, Martha A. Daly, Appellate Defender, Melanie Kenton, Michael Dickman, Ellen Bayard, Asst. Appellate Defenders, Santa Fe, for petitioner-appellant.

Albert N. Theil, Asst. City Atty., Albuquerque, Jeff Bingaman, Atty. Gen., Art Encinias, Asst. Atty. Gen., Santa Fe, for respondent-appellee.

## OPINION

RIORDAN, Justice.

This appeal is from the district court's refusal to grant a writ of prohibition directed to the Bernalillo County Metropolitan Court. We affirm.

On July 1, 1980, the municipal court in which this case was filed was consolidated with other courts to form the Bernalillo County Metropolitan Court. Since this case was filed prior to July 1, 1980, it is governed by the rules of procedure for the court in which it was filed. N.M.Metro. R.P., N.M.S.A.1978 (Orig.Pamp.1980).

The petitioner-appellant Gilbert Atencio (Atencio) was arrested on March 23, 1980, and charged with driving while intoxicated and making an illegal left turn. He was arraigned on March 28, 1980. On May 1, 1980, Atencio was tried and found guilty. A pre-sentence report was ordered and sentencing was scheduled for May 28, 1980. The sentencing was continued twice and finally reset for October 2, 1980. Atencio moved for a dismissal on grounds that he was not sentenced within six months from the date arraigned as required by Rule 20(b) of the Rules of Procedure for the Municipal Courts, N.M.S.A.1978. When his motion was denied, Atencio instituted this proceeding in district court.

Municipal Court Rule 20(b) provides that:

Any charge which is pending for six months from the date of the arraignment of the defendant without disposition by the municipal court shall be dismissed with prejudice unless, after a hearing, the municipal judge finds that the defendant was responsible for the inability of the court to complete the disposition of the proceeding. If a complaint or citation is dismissed pursuant to this paragraph, a charge for the same offense shall not thereafter be filed in any court.

On appeal, the issue is whether the word "disposition" as used in this rule encompasses the sentencing proceeding before the municipal court. We hold that it does not.

At the outset, we point out that Atencio's claim is not based on constitutional grounds. Rather, he claims that our procedural rule guarantees him a dismissal of this action. We do not agree. One of the reasons we adopted the above rule was to assure prompt handling of matters before the municipal courts of this state. The rule is not only for the benefit of the defendant, but also for the court system and the public in general. We decline to interpret the rule in a manner that favors the defendant at the expense of everyone else. We have also included a similar rule for magistrate courts, N.M.Magis.R.Crim.P. 17(b), N.M.S. A.1978, district courts, N.M.R.Crim.P. 37(b), N.M.S.A.1978 (Repl.Pamp.1980), children's courts, N.M.Child.R.P. 46, N.M.S.A.1978 (Repl.Pamp.1980), and now the metropolitan courts, N.M.Metro.R.P. 55(b), N.M.S.A. 1978 (Orig.Pamp.1980).

We also point out that the rule requires the "charges" to be disposed of and not the "case", "matter" or "cause". Accordingly, failure to sentence the defendant within six months of his arraignment does not require a dismissal under Municipal Court Rule 20(b).

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice and PHILIP R. ASHBY, District Judge, concur.