734 P.2d 804

**Jeff JOHNSON and Titus Edwin Aaron, Petitioners-Appellants,**

v.

**Michael FRANCKE, Secretary of Corrections, Respondent-Appellee.**

No. 8775.

Court of Appeals of New Mexico.

Feb. 24, 1987.

Jeff Johnson, Titus Edwin Aaron, pro se.

P. Scott Eaton, Keleher & McLeod, P.A., Albuquerque, for respondent-appellee.

## OPINION

APODACA, Judge.

Petitioners, prisoners at the New Mexico State Penitentiary in Santa Fe,[1] appeal from the trial court's order granting respondent's motion to dismiss filed pursu-

---

1. We note the appeal record reflects Petitioner Titus Edwin Aaron has been granted parole subsequent to the filing of his appeal. A question therefore arises whether the issue in connection with his claim has become moot, since the rules he seeks be declared invalid apply only to inmates of penal institutions. As a general rule, an appeal will be dismissed if the issues have become moot. *Mowrer v. Rusk,* 95 N.M. 48, 618 P.2d 886 (1980). But well-recognized exceptions to the rule exist when, for example, the appeal involves issues of "substantial public interest" or issues "capable of repetition, yet evading review." *Id.* Concluding the exceptions may be applicable, this court has opted to rule on petitioner's appeal.

ant to SCRA 1986, Rule 1–012(B)(6) (failure to state a claim upon which relief can be granted). Petitioners filed their petition pro se in the trial court, seeking a declaratory judgment that rules and regulations governing the conduct and discipline of prisoners were invalid and unenforceable because they had not been filed in accordance with the State Rules Act, NMSA 1978, Sections 14–4–1 to –9. Although it is not entirely clear from a review of the record, we assume petitioners take issue with some or all of the disciplinary rules governing inmates' conduct within the penitentiary.

The trial court entered the order dismissing petitioners' petition on the grounds that "as a matter of law * * * the State Rules Act does not require that respondent's disciplinary rules be recorded." Petitioners contend the trial court erred in dismissing their petition. We disagree and affirm the trial court's order.

The sole issue on appeal is whether the disciplinary rules promulgated by respondent, the Secretary of Corrections, in governing the conduct of prisoners confined within a penitentiary, are invalid and unenforceable if not filed with the state's record center in the manner required under the State Rules Act. We hold that such rules need not be so filed to be valid and enforceable.

### Dismissal Under Rule 1–012(B)(6)

Petitioners first argue that the trial court erred in dismissing their petition under Rule 1–012(B)(6) without a hearing and prior to "the time of trial." Additionally, although it is not readily apparent from their brief, petitioners seem to suggest that procedurally, Rule 1–012(B)(6) was not the proper avenue for a dismissal of their claim. We disagree.

■ "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim, that is, to test the law of the claim, not the facts that support it." *Gonzales v. United States Fidelity & Guaranty Co.*, 99 N.M. 432, 433, 659 P.2d 318, 319 (Ct.App.1983); *McCasland v. Prather*, 92 N.M. 192, 585 P.2d 336 (Ct.App.1978); *McNutt v. New Mexico State Tribune Co.*, 88 N.M. 162,

538 P.2d 804 (Ct.App.1975). Petitioners' suggestions that the dismissal was premature and should have awaited a hearing on the facts is without merit, since a dismissal under the rule is a legal, not an evidentiary, determination. *Vigil v. Arzola*, 101 N.M. 687, 687 P.2d 1038 (1984). In considering whether a petition states a cause of action upon which relief can be granted, the trial court must accept as true all the facts pled. *Runyan v. Jaramillo*, 90 N.M. 629, 567 P.2d 478 (1977); *Gonzales*. In considering such a motion, the allegations of the petition are accepted by the trial court as true; the motion may be granted only when it appears that petitioners cannot be entitled to relief under any state of facts provable under the claim. *Runyan*. These same criteria apply on appeal. *Bottijliso v. Hutchison Fruit Co.*, 96 N.M. 789, 635 P.2d 992 (Ct.App.1981).

Respondent's motion raised no factual matters outside the petition. Instead, the sole issue raised by the motion was whether, as a matter of law, accepting the factual allegations of the petition to be true, petitioners were entitled to the relief sought under their petition. The motion to dismiss sought to test the validity of petitioners' claim. This is exactly what petitioners sought in their petition. Additionally, as stated by respondent, "this was precisely the type of situation which was amenable to a determination under Rule 12." It matters not that petitioners were not granted a hearing "on the merits." That is what Rule 1–012(B)(6) is intended to avoid when a petition fails to state a claim. We hold that granting the motion to dismiss under Rule 1–012(B)(6) was proper.

### Filing Requirement Under State Rules Act

Petitioners next insist the disciplinary rules governing their conduct as penitentiary inmates were invalid because respondent failed to file them "in accordance with the State Rules Act."

■ A summary of the pertinent provisions of both the Corrections Department Act, NMSA 1978, Sections 9–3–1 to –12 (Repl.Pamp.1983), and the State Rules Act,

Sections 14–4–1 to –9, is necessary. The Corrections Department Act, in establishing the Corrections Department, describes the duties of respondent. Those duties include the making and adoption of "such reasonable and procedural rules and regulations as may be necessary to carry out the duties of the department and its divisions." § 9–3–5(E). The statute requires hearings and public notice for rules and regulations "affecting any person or agency outside the department." *Id.* The statute also provides: "All rules and regulations shall be filed in accordance with the State Rules Act." *Id.* Petitioners argue that the rules and regulations promulgated by respondent with respect to disciplinary matters are invalid solely because they were not filed pursuant to the requirements of the State Rules Act. This court notes no argument has been made by petitioners that any other provisions of Section 9–3–5(E) have not been followed, including the requirements of the hearing process and public notice. This court therefore assumes all other requirements under the statute have been met, since petitioners have not complained otherwise. Contentions not raised in the trial court are not before this court. SCRA 1986, Rule 12–216; *Edwards v. First Federal Savings & Loan Ass'n,* 102 N.M. 396, 696 P.2d 484 (Ct.App.1985).

The State Rules Act, on the other hand, provides for the filing of rules in the state's record center and further provides: "No rule shall be valid or enforceable until it is so filed and shall only be valid and enforceable upon such filing and compliance with any other law." § 14–4–5.

Subsection (C) of Section 14–4–2 defines the term "rule". It states: "Such term shall not include rules relating to the management, confinement, discipline or release of inmates of any penal or charitable institution * * *."

In addressing the issue on appeal, we are guided by several principles of statutory construction: state statutes are to be given effect as written and, where they are free from ambiguity, there is no room for construction, *State v. Elliott,* 89 N.M. 756, 557 P.2d 1105 (1977); where the meaning of statutory language is plain, and words used by the legislature are free from ambiguity, there is no basis for interpreting the statute, *State v. Mobbley,* 98 N.M. 557, 650 P.2d 841 (Ct.App.1982); where two statutes pertain to the same general subject, the court's duty is to construe them so that effect is given to every provision of each, *First National Bank v. Southwest Yacht & Marine Supply Corp.,* 101 N.M. 431, 684 P.2d 517 (1984).

Keeping the foregoing principles in mind, the initial question this court must resolve is whether the last sentence of Section 9–3–5(E) is free of ambiguity. As noted above, that sentence reads: "All rules and regulations shall be filed in accordance with the State Rules Act." We first observe the sentence clearly does not mandate the simple filing of rules, but only that they be filed *in accordance with the State Rules Act.* A second question arises: what is meant by the phrase "in accordance with?" Black's Law Dictionary defines the phrase as meaning "in a manner not repugnant to or in conflict or inconsistent therewith." Black's Law Dictionary 34 (4th ed. 1951), citing *City of Norfolk v. Norfolk Landmark Publishing Co.,* 95 Va. 564, 28 S.E. 959 (1898). Therefore, we conclude the phrase "in accordance with" as used in the statute means that the filing must be conducted consistent with the *entire* State Rules Act, encompassing *all* of the Act's provisions, and in a manner not repugnant to *any* of them. This necessarily includes Section 14–4–2(C), which unambiguously provides that the term "rule" does not include any rules relating to the management, confinement, discipline or release of inmates of a penal institution.

We see no conflict between Section 9–3–5(E) and the State Rules Act. Section 9–3–5(E) clearly directs respondent to follow the mandate of the State Rules Act with respect to the filing of rules promulgated by him. The State Rules Act in turn clearly requires respondent to file a required number of copies of the rules with the records center, but with one important exception—he need not file those particular

rules relating to the management, confinement, discipline or release of inmates. All other rules (unrelated to inmates) must be filed. As noted by respondent, "It is difficult to envision how the Legislature could have made it more clear that rules relating to the management, confinement, discipline or release of inmates are not subject to filing under the State Rules Act."

Petitioners surprisingly concede the legislature, in enacting Section 9–3–5, is presumed to have been aware of the State Rules Act exempting prisoner disciplinary rules and regulations from the filing requirement, citing *City Commission v. State ex rel. Nichols*, 75 N.M. 438, 405 P.2d 924 (1965). It should therefore be fairly obvious that the legislature, presumably aware of the noted exception, in essence affirmed its application by simply referring to the State Rules Act.

In summary, this court has done what petitioners have urged it to do—we have applied the requirements of Section 9–3–5(E) to the rules promulgated by respondent. We conclude that respondent is not required to file disciplinary rules governing the conduct of penitentiary inmates, since the legislature has exempted such rules from the filing requirements.

We hold the trial court was correct in dismissing the petition for failure to state a claim upon which relief could be granted. The order of dismissal is affirmed.

IT IS SO ORDERED.

BIVENS and ALARID, JJ., concur.