793 P.2d 265

**STATE of New Mexico, Petitioner,**

**v.**

**Alex Joe PORTILLO, a/k/a Juan Anthony Portillo, Respondent.**

No. 19012.

Supreme Court of New Mexico.

June 12, 1990.

Hal Stratton, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for petitioner.

Jacquelyn Robins, Chief Public Defender, Sheila Lewis, Asst. Appellate Defender, Santa Fe, for respondent.

## OPINION

WILSON, Justice.

At issue is the application of the six-month rule of SCRA 1986, 5–604(B) of the Rules of Criminal Procedure for the District Courts. In this case the police mistakenly arrested an innocent man whose name and description were similar to those of a fugitive defendant. The public defender, counsel for the fugitive defendant, asserts that the arrest of that innocent man started the speedy trial clock as to the fugitive defendant. Consequently, the public defender claims that Rule 5–604(D) mandates a dismissal of the indictment against the fugitive defendant after six months. The trial court agreed and dismissed the indictment. The court of appeals affirmed the dismissal. We reverse.

## FACTS AND PROCEDURE

On June 21, 1985, a grand jury indicted Mr. Alex Joe Portillo, a/k/a Juan Anthony Portillo (referred to herein as the fugitive defendant), on charges of distributing a controlled substance and possession of drug paraphernalia. The fugitive defendant pled not guilty at his arraignment on May 23, 1986. When he failed to appear for a motion hearing on September 19, 1986, the trial court issued a warrant for his arrest.

On January 30, 1988, the police mistakenly arrested a different man, Alex Joe Portillo, on the warrant for the fugitive defendant's failure to appear. The booking slip for Alex Joe Portillo's arrest shows that he resembles the fugitive defendant originally arrested and arraigned on the indictment. The mistakenly arrested Alex Joe Portillo was unable to make bond and so remained in custody until March 18, 1988. Although represented by the public defender, Alex Joe Portillo's true identity and liberty remained challenged as the public defender and the district attorney began an inept investigation to confirm whether there were in fact two different Portillos.

On June 27, 1988, the fugitive defendant, Juan Anthony Portillo, walked into the police department with his parole officer and had a second set of inked fingerprints taken. Despite the reappearance of the real defendant in this case and the availability of additional identification information, the district attorney was not satisfied that Alex Joe Portillo was the wrong man. In fact, six months after the innocent man's arrest, the district attorney was still maintaining an alleged investigation into the enigmatic Portillos. Finally, it was determined conclusively that Alex Joe Portillo, arrested on January 30, was not the fugitive defendant indicted on drug charges.

Almost seven months and three trial settings later, counsel for Alex Joe Portillo moved to dismiss the *indictment* for violation of the six-month rule of SCRA 1986, 5–604(B). The trial court granted the motion and ordered the indictment dismissed with prejudice. The district attorney moved the court to reconsider its ruling, but this motion was denied. The district attorney then filed a second motion for reconsideration and requested an evidentiary hearing to present testimony that Alex Joe Portillo was not the fugitive defendant indicted by the grand jury. The trial court heard the district attorney's offer of proof and argument that the charges against the mistakenly arrested Alex Joe Portillo should be dismissed, but the indictment should remain in force against the fugitive defendant. The trial court refused, however, to conduct an evidentiary hearing on the issue and denied the district attorney's second motion for reconsideration. Thereupon, the district attorney (the state) appealed. The court of appeals upheld the trial court's dismissal; we granted certiorari.

## ISSUES

The dispositive issue before this court is whether the trial court erred in dismissing the indictment against the fugitive defendant based on a finding that an innocent man also named Alex Joe Portillo had been arrested and not brought to trial within the time period required by the six-month rule of SCRA 1986, 5–604(B). In our discussion we address the following points:

(1) Alex Joe Portillo's standing to advocate the dismissal of the fugitive defendant's indictment; and

(2) Whether a violation of Alex Joe Portillo's rights can inure to the benefit of the fugitive defendant.

## DISCUSSION

■ It cannot be asserted by the public defender in this case that the speedy trial period has run for the fugitive defendant as his failure to appear tolled the six-month rule. *See* SCRA 1986, 5–604(B)(5); *State v. Flores,* 99 N.M. 44, 653 P.2d 875 (1982). Further, the state does not claim that Alex Joe Portillo should be retained as a defendant in this case; it is uncontroverted that he was improvidently arrested due to a mistake in identity. The question that remains, however, is the effect of the time limit for Alex Joe Portillo upon the case pending against the fugitive defendant. We conclude that there is no connection.

A basic concept of American jurisprudence is that the person asserting a constitutional or statutory right must be the person whose rights are at issue, that is, the person complaining must be the real party in interest. As stated at 67A C.J.S. *Parties* Section 11b (1978):

> The general rule at common law is that every action must be brought in the name of the person whose legal right has been invaded or infringed. It has been held to be a general principle applicable to all actions at law that they should be brought by the person whose legal rights have been affected.

*See also Eastham v. Public Employees' Retirement Ass'n Bd.*, 89 N.M. 399, 553 P.2d 679 (1976) (court found plaintiffs had no standing to sue because they lacked personal stake in the outcome of the controversy); *Kuhn v. Burroughs*, 66 N.M. 61, 342 P.2d 1086 (1959) (plaintiffs lacked standing to sue state because insufficient interest in subject matter of suit).

■ It is clear that Alex Joe Portillo is neither the person indicted nor the person who will benefit by the dismissal of the indictment against the fugitive defendant; Alex Joe Portillo does not have standing to pursue a dismissal of the indictment. Moreover, the fugitive defendant may not take advantage of the remedies available to Alex Joe Portillo for a violation of the innocent man's rights.

■ SCRA 1986, 5–604(D) states in pertinent part: "In event the trial of any person does not commence within the time specified in Paragraph B of this rule * * * the information or indictment filed against such person shall be dismissed with prejudice." The public defender relies heavily upon the statutory language: "any person." However, it should be noted that Rule 5–604(D) grammatically links the term "any person" with the latter reference "such person." In other words, when the trial of Person A (*any person*) is not commenced within the time limit, the information or indictment filed against Person A (*such person*) shall be dismissed. To hold that the failure to bring a particular person to trial within the time limit justifies the

dismissal of an indictment against some other person not only contravenes the clear wording of the statute, but flies in the face of logic. We refuse to read Rule 5–604(D) in such a tortured manner. As we have repeatedly stated, principles of statutory construction require that a statute be interpreted with logic and common sense to avoid an absurd result. *See New Mexico Hosp. Ass'n v. A.T. & S.F. Memorial Hosps., Inc.*, 105 N.M. 508, 734 P.2d 748 (1987); *Shaw v. Warner*, 101 N.M. 22, 677 P.2d 635 (Ct.App.), *cert. denied*, 101 N.M. 11, 677 P.2d 624 (1984).

This is not a question of whether an innocent man has fewer rights than a fugitive; it is a question of whether a violation of an innocent man's rights can inure to the benefit of a fugitive who has not had his rights abridged and who is not before the court. The fugitive defendant cannot benefit by this case, but this does not lessen in any way the rights of Alex Joe Portillo. The latter is certainly entitled to have all charges against him dismissed with prejudice, and he may have civil remedies available to him as well. Likewise, regardless of the wrongs inflicted upon Alex Joe Portillo and regardless of his rights and remedies, the fugitive defendant has no reason to complain, nor has he.

The public defender states that the purpose behind the six-month rule is the prompt trial and resolution of criminal cases. *See State v. Mendoza*, 108 N.M. 446, 774 P.2d 440 (1989). While that general statement is correct, the criminal case against the fugitive defendant cannot be continued until he is rearrested. The charges against Alex Joe Portillo have been resolved by dismissal. To dismiss the charges against the fugitive defendant would serve no purpose other than to allow a fugitive to profit from his wrongful flight. Although we note that this case is the result of the judicial system's failure to act quickly in confirming that the wrong man had been arrested, the manner in which the state and the public defender handled Alex Joe Portillo should not be used to deny the people of the State of

New Mexico the opportunity to bring a fugitive to justice.

We find that the trial court erred in entering its order dismissing the indictment against the fugitive defendant in this case. We therefore remand with instructions to proceed in a manner consistent with this opinion.

IT IS SO ORDERED.

SOSA, C.J., and RANSOM, J., concur.