840 P.2d 607

STATE of New Mexico,
Plaintiff–Appellee,

v.

Theresa LUCERO, Defendant–Appellant.

No. 13546.

Court of Appeals of New Mexico.

Sept. 15, 1992.

Tom Udall, Atty. Gen., Joel K. Jacobsen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Sophie Cooper, Asst. Public Defender, Santa Fe, for defendant-appellant.

## OPINION

PICKARD, Judge.

The issue we confront in this case is whether the metropolitan court six-month rule begins to run anew, as does the district court six-month rule, when a case is remanded following a successful state's appeal. We hold that it does not.

To put the issue in proper factual perspective, we state the facts chronologically. The state filed its original complaint against defendant on February 6, 1990. On March 12, the metropolitan court scheduled defendant for trial on June 20. On March 16, defendant filed a notice of excu-

sal of the metropolitan court judge. *See* SCRA 1986, 7–106(A) (Repl.1990) (effective until September 1, 1990). The court wrote "denied" on the notice because it was untimely, but on May 9 the court recused itself. The court reset the trial date, but the new metropolitan court judge for this case had a scheduling conflict. The next trial date was August 1, five days short of six months from the time that the state filed charges against defendant. On the day of trial, defendant sought and received a continuance until September 26. The court issued another continuance and scheduled the case for trial on October 1, the last day of the six-month limit if the only time chargeable to defendant was that due to her requested continuance.

In the meantime, on September 27, defendant filed a motion to dismiss for "pre-indictment [sic] delay." The metropolitan court granted the motion on the date of trial, October 1. The state appealed, and the district court, applying an appellate standard of review, affirmed. Upon a first appeal to this court, we reversed in a memorandum opinion, instructing the district court to engage in de novo review. *See State v. Hicks*, 105 N.M. 286, 731 P.2d 982 (Ct.App.1986).

On remand, the district court engaged in de novo review and reversed its prior position. It held that the metropolitan court erred in dismissing the charges; accordingly, it reversed with directions to reinstate the complaint on the docket. As part of its order reversing, the district court ruled that "[a]fter a successful appeal to the District Court from a dismissal in Metropolitan Court, the State receives a new six-month rule on remand back for trial." We granted interlocutory appeal to determine whether the district court was correct in so ruling.

We first address whether there should be a new six-month time limit and hold that there should not be. We next address what delay should be chargeable to defendant. We address the second issue because, according to defendant, the appellate delay and the delay due to her request for a continuance are to be counted against

her; all other delay is chargeable to the state. Because the original metropolitan court case was dismissed on the final day of the six-month limit, defendant contends that, upon issuance of our mandate, there will be only one day left on the six-month limit in which to try her.

We apply the same canons of construction to supreme court rules of procedure as we apply to statutes. *State v. Eden,* 108 N.M. 737, 741, 779 P.2d 114, 118 (Ct.App.1989). Applicable rules of construction provide that if the words are plain and unambiguous, there is no room for construction. *Johnson v. Francke,* 105 N.M. 564, 734 P.2d 804 (Ct.App.1987). Courts will not add words to the statute, particularly if the statute makes sense as written. *See Burroughs v. Board of County Comm'rs,* 88 N.M. 303, 540 P.2d 233 (1975). When there are provisions in analogous statutes that a party contends should be present in the statute at issue in the case, we utilize the process of negative inference to reason that the absence of such provisions in the statute at issue is intentional. *Patterson v. Globe Am. Casualty Co.,* 101 N.M. 541, 685 P.2d 396 (Ct. App.1984).

The metropolitan court six-month rule, SCRA 1986, 7–506(B) (Repl.1990), states:

Any criminal charge within metropolitan court trial jurisdiction which is pending for six (6) months from the date of the arrest of the defendant or the filing of a complaint or citation against the defendant, whichever occurs later, without commencement of a trial by the metropolitan court shall be dismissed with prejudice unless, after a hearing, the judge finds that the defendant was responsible for the failure of the court to commence trial. If a complaint is dismissed pursuant to this paragraph, a criminal charge for the same offense shall not thereafter be filed in any court.

In contrast, the applicable district court rule states: "The trial of a criminal case * * * shall be commenced six (6) months after whichever of the following events occurs latest: * * * (4) in the event of an

appeal, * * * the date the mandate or order is filed in the district court disposing of the appeal." SCRA 1986, 5–604(B).

Measured by the standards recited above, we are compelled to hold that there is no provision in Rule 7–506(B) to commence a new six-month limit under the circumstances of this case. The simple fact is that the rule does not contain any language allowing a new six-month limit. *See State v. Valdez,* 109 N.M. 759, 762, 790 P.2d 1040, 1043 (Ct.App.1990) (the defendant's argument was that the similarly worded magistrate six-month rule has no provision for restarting a six-month period after an appeal). Nor is the rule ambiguous. The fact that other rules do contain provisions for new six-month limits upon the happening of certain events, e.g., Rule 5–604, shows that our supreme court is cognizant of how to write such a provision if it so desires.

In this connection, we are not persuaded by the state's reliance on *State v. Sanchez,* 109 N.M. 313, 785 P.2d 224 (1989). The state's desire to add another analogous circumstance to the list of circumstances providing for a new six-month limit in the district court rule is vastly different from adding a new six-month limit to a completely different rule. Accordingly, the district court was in error in ordering a completely new six-month limit.

This does not mean, however, that we necessarily accept defendant's contention that there is only one day left on the metropolitan court six-month limit. Rule 7–506(B) provides that charges shall be dismissed if trial is not commenced within six months, unless "after a hearing, the judge finds that the defendant was responsible for the failure of the court to commence trial." Applying the rule as written, we conclude that the exact amount of time left is for the metropolitan court judge in the first instance to determine. Moreover, there are facts to be found before the determination can be made.

We believe that it is for the metropolitan court to make the determination because the rule provides that the metropolitan

judge is to hold a hearing and either find or not find that defendant is responsible for the delay. In addition to the time during the continuance defendant sought and the time after defendant's motion was granted and until jurisdiction is revested in the metropolitan court for which defendant agrees she is responsible, we believe that a judge could rule that other times are also chargeable to defendant if her actions resulted in the failure to commence trial.

We specifically refer to three time periods. The first is after defendant filed her late disqualification of the judge and the judge later recused himself, causing delay for the assignment of a new judge who had scheduling conflicts. These facts alone would not necessarily show time that is chargeable to defendant without more. For example, in *State v. Bishop,* 108 N.M. 105, 766 P.2d 1339 (Ct.App.1988), the state appeared to concede that the defendant was not responsible for delay caused by recusals. However, we could conceive of situations in which the facts underlying the disqualification would be what caused the judge to recuse. In such a situation, had defendant filed a timely disqualification, the judge might have recused at a much earlier time. Therefore, depending on the facts, defendant's untimely disqualification could be found to be a reason defendant would be responsible for the failure to timely commence trial. *See id.* at 109, 766 P.2d at 1343 (determinative factor is reason for delay).

The second time period is the time between the filing of defendant's motion to dismiss and the granting of that motion. Defendant appears to exclude this time because the motion was filed during a continuance not at her request. The fact that the continuance was not at her request could justify a reasonable fact-finder to conclude that she was not responsible for the failure to commence trial during the time period of a continuance already granted. On the other hand, a reasonable fact-finder could also conclude that from the time defendant filed her motion until the time it was finally resolved was time chargeable to her during which trial could not commence due to her actions. *See State v. Padilla,* 92 N.M. 19, 582 P.2d 396 (Ct.App.1978) (deadlines tolled from filing of motion to mandate). By this statement, however, we do not mean to imply that all time spent during the pendency of all defendants' motions is always chargeable to them. We merely state that the lower court could so rule under the facts of this case.

The third time period is the time after our mandate issues and the case is remanded back to the metropolitan court for trial. Defendant takes the position that if only one day remains on the six-month rule, the charges will have to be dismissed because one day is insufficient time to notify her for trial and for her to subpoena her witnesses and prepare her case. We believe that because defendant's motion aborted a trial for which the parties were prepared in October 1990, she could be held responsible for a reasonable period of delay to allow the parties to prepare for trial after the case is now remanded to the metropolitan court. The metropolitan court judge will have to decide what time frame is reasonable, based on the nature of the case and other relevant factors. The time period for which defendant would be responsible as a matter of law is the shortest amount of time that the parties reasonably need to prepare for trial.

We are not at this time deciding exactly how the metropolitan court should rule on any of these time periods beyond our holding that defendant is responsible as a matter of law for the shortest time period necessary to prepare for trial. The remaining determinations are for the metropolitan court to decide, subject to each party's right of appeal. However, we felt it necessary to give this guidance because a good deal of the parties' briefs addresses these questions. We base our guidance on cases such as *State v. Mendoza,* 108 N.M. 446, 774 P.2d 440 (1989), in which the supreme court stated that we are to read the six-month rules with common sense and not to effect technical dismissals. On the other hand, we recognize, as should the metropolitan court, that the purpose of six-month rules is to provide speedy trials for the benefit of both the public and the defen-

dant. *See Atencio v. Love,* 96 N.M. 510, 632 P.2d 745 (1981).

We vacate the district court's order allowing a second six months to try this case. Though the parties stridently contest who is responsible for how much of the delay, the metropolitan court must decide these issues in the first instance. For the reasons stated above, common sense along with the purpose of the six-month rule should be the guide. Therefore, we remand to the district court with instructions to order the metropolitan court to undertake the appropriate factual review and proceed accordingly.

IT IS SO ORDERED.

FLORES, J., concurs.

MINZNER, J., specially concurs.

MINZNER, Judge (specially concurring).

I concur in the result and in most of the analysis by which the majority reaches its result. However, I believe that the procedural context in which this case arises might usefully be discussed at greater length, and I also believe that defendant is entitled to view the result we reach as a construction of the rule, rather than a plain meaning reading. I write separately because much of what I write could be considered "not to be a proper part of the opinion." *In re Cherryhomes,* 103 N.M. 771, 775, 714 P.2d 188, 192 (Ct.App.1985) (Hendley, J., specially concurring). First I will discuss a procedural aspect of this case that puzzles me.

This case involves "de novo" review in district court, as well as "appellate" proceedings in district court. The only motion and ruling in metropolitan court that was on appeal in district court was the motion and ruling on "pre-indictment delay." After the mandate issued from this court reversing the district court's ruling on that issue, the district court ruled on defendant's oral motions to dismiss for violations of her rights to a speedy trial, due process, and six-month rule.

I agree with the majority that the district court erred in authorizing a new six-month period in which to try defendant. I would

point out, however, that the district court correctly denied defendant's motion to dismiss for violation of the six-month rule and remanded for trial. I think these motions might have been denied by the district court for another reason; they seem to me to be an aspect of the metropolitan court's initial review, because the matter was before the district court only on appeal from a motion and ruling on preindictment delay. Perhaps the most appropriate resolution of this matter would be to vacate the district court's order and remand with instructions to the metropolitan court to proceed to determine whether these motions should be affirmed or denied. Nevertheless, the parties have taken a different tack on appeal, and I agree that the approach taken by the majority resolves the issues raised. I write separately to provide another reason for remanding this case to the metropolitan court. I believe we must remand to that court at least in part because the motions made in district court were beyond the scope of our mandate.

In addition, I would note that the state has argued that under the relevant six-month rule we should exclude all of the time in which the case is not pending before the metropolitan court and that when, as in this case, the metropolitan court reacquires jurisdiction on remand, "a new six-month rule applies." The relevant rules clearly contemplate excluding the time the case is pending on appeal in district court. The metropolitan court rules specifically provide an additional six-month period in which the case is to be tried in district court and authorizes one ninety-day extension. *See* SCRA 1986, 7–703(J) & (K) (Repl.1990). The relevant rule is less clear concerning the time spent on appeal from the district court to this court. I agree that time should be excluded, because it is time for which defendant is "responsible" within the meaning of SCRA 1986, 7–506(B) (Repl.1990).

I am troubled by what I perceive as an inconsistency in the majority's approach, in which a "common sense reading" of the rule is used to support rejecting defendant's argument that only one day re-

mained in which to try her, and a "plain meaning" analysis is used to reject the state's argument (in support of the district court's conclusion) that a new six-month period applies to the case after remand. I believe that the rules do not clearly provide for the fact pattern that has arisen in this case. However, I agree we should read the rule in a common sense manner to provide a workable solution, and I believe the majority approach actually does just that.