850 P.2d 1042

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Robert S. WARE, Defendant–Appellant.**

**No. 13671.**

Court of Appeals of New Mexico.

March 19, 1993.

Certiorari Denied March 24, 1993.

Tom Udall, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

MINZNER, Chief Judge.

Defendant appeals his conviction for aggravated battery with a deadly weapon and aggravated battery causing great bodily harm. He raises the following issues on appeal: (1) whether the trial court erred in refusing to honor his peremptory challenge; (2) whether he could be convicted of both crimes; (3) whether his statements to police should have been suppressed; (4) whether the trial court erred in allowing the State to introduce evidence of prior bad acts toward his girlfriend; (5) whether the court erred in restricting his cross-examination of a State's witness; (6) whether his right to speedy trial was violated; and (7) ineffective assistance of counsel. We hold that the trial court erred in refusing to honor Defendant's peremptory challenge, and therefore reverse and remand for a new trial. Because we determine that the trial court's actions subsequent to the disqualification were void, we do not address Defendant's remaining issues.

## FACTS

Defendant was indicted in Bernalillo County Cause No. CR–90–2284 on December 18, 1990, for aggravated battery and tampering with evidence. The charges arose out of an incident on May 5, 1990, in which Defendant allegedly shot another man. The case was assigned to Judge Murdoch. Defendant filed several pretrial motions, including a motion to suppress his statements to the police. The trial court granted the suppression motion in part and denied it in part. After the hearing on the motion to suppress, Defendant filed a motion to quash the indictment on the basis of grand jury irregularities. The State filed a nolle prosequi on August 22, 1991, representing that the case would be immediately re-presented to the grand jury.

On August 23, the grand jury returned a second indictment, virtually identical to the first, in Bernalillo County Cause No. CR–91–1518. The assistant district attorney also filed a "statement of reindictment" in the new case. The case was again assigned to Judge Murdoch. An arrest warrant was issued and arraignment was set. Defendant filed a notice of peremptory disqualification against Judge Murdoch on August 27. The clerk's office reassigned the case to Judge Smith on August 28. Upon learning of his disqualification, Judge Murdoch set the matter for hearing and subsequently struck Defendant's peremptory challenge, noting that a number of similar cases were being handled in the same way. While there was no testimony on the matter, the judge indicated that all of these cases were reassigned to the same judge to avoid the necessity of redoing work already done.

Defendant was convicted of aggravated battery with a deadly weapon, and the alternative offense, aggravated battery with great bodily harm. He was acquitted of the tampering with evidence charge.

## DISCUSSION

Defendant contends that the trial court erred in refusing to honor his peremptory challenge. He argues that the nolle prosequi ended the old case, and the new indictment began a new case with all procedural rights reattaching. Defendant maintains that his peremptory challenge, filed within ten days after the second indictment, was timely. *See* NMSA 1978, § 38–3–9 (Repl.Pamp.1987); SCRA 1986, 5–106(C) (Repl.1992).

The State argues that the new indictment was only a "technical restarting" of the case, citing the unique circumstances of this case. That the indictments in this case

were nearly identical and that the cases were assigned to the same judge does not persuade us that the two cases were the same. Nor does the fact that the two cases had different docket numbers persuade us that the two cases were different. Instead, we look at the function of a nolle prosequi.

In essence, the State argues that a nolle prosequi is unlike other dismissals, and as such it did not nullify the original indictment filed in this case. The State points out that this Court has held that a nolle prosequi may not necessarily require the six-month rule to restart. *See State v. Lucero,* 108 N.M. 548, 550, 775 P.2d 750, 752 (Ct.App.), *cert. denied,* 108 N.M. 433, 773 P.2d 1240, *and writ quashed,* 108 N.M. 582, 775 P.2d 1299 (1989); *see also* SCRA 1986, 5–604(B) (Repl.1992) (six-month rule).

■ A nolle prosequi is a dismissal of criminal charges filed by the prosecutor, usually without prejudice. SCRA 1986, 7–506(A) (Repl.1990); *Black's Law Dictionary* 1048 (6th ed. 1990). The State has wide discretion to dismiss criminal charges, and absent an abuse of that discretion, the trial court will not exercise its control over the movements of a given case. *See State v. Ericksen,* 94 N.M. 128, 130–31, 607 P.2d 666, 668–69 (Ct.App.1980). A trial court will prevent a district attorney from using a nolle prosequi to circumvent the Rules of Criminal Procedure. *See Lucero,* 108 N.M. at 550, 775 P.2d at 752 (generally a new indictment supersedes the original; however, where a nolle prosequi is used to circumvent the six-month rule, refiling of an indictment will not act to toll the original six-month period); *Ericksen,* 94 N.M. at 130–31, 607 P.2d at 668–69 (prosecutor may not utilize nolle prosequi to achieve a barred result).

■ Allowing the same six-month time period to apply after a nolle prosequi is filed does not cut against the argument that the original case has ended; rather, it is a trial court's method of preventing the prosecution from abusing its wide discretion in dismissing charges. *See State ex rel. Delgado v. Stanley,* 83 N.M. 626, 627, 495 P.2d 1073, 1074 (1972); *Lucero,* 108

N.M. at 550, 775 P.2d at 752. In other words, a nolle prosequi is as final as any other dismissal with or without prejudice.

■ Other New Mexico law is consistent with the above analysis. For example, holding that a nolle prosequi voids a previous indictment and allows a case to start anew is consistent with the way a grand jury is charged. A grand jury is not allowed to inquire into a crime for which a valid indictment has previously been filed. NMSA 1978, § 31–6–9 (Repl.Pamp.1984). However, Section 31–6–9 does not prevent a district attorney from reindicting a suspect where there is a flaw in the original indictment. *State v. Edwards,* 97 N.M. 141, 143, 637 P.2d 572, 574 (Ct.App.), *cert. denied,* 97 N.M. 621, 642 P.2d 607 (1981). It makes sense, therefore, to treat an indictment filed before a nolle prosequi as void. *See State v. Montoya,* 95 N.M. 433, 434–35, 622 P.2d 1053, 1054–55 (Ct.App.) (second indictment valid because nolle prosequi invalidates the first indictment), *writ quashed,* 95 N.M. 426, 622 P.2d 1046 (1981). Because a criminal prosecution can only begin by filing an information, indictment, or complaint, SCRA 1986, 5–201 (Repl.1992), once an indictment is deemed void, a new case against a suspect may only begin with the refiling of charges.

■ The State asks us to hold that the second indictment was simply a reinstatement or continuation of the first. Our Supreme Court has previously rejected a similar argument. *See Delgado,* 83 N.M. at 627–28, 495 P.2d at 1074–75 (denying writ of prohibition where petitioners argued that a second prosecution, filed after the first prosecution was dismissed by nolle prosequi, was merely a continuation of the first). Further, our Rules of Criminal Procedure simply do not provide for the "reinstatement" or "continuation" of a dismissed indictment, even in the interests of judicial economy. *Compare Morgan v. State,* 673 P.2d 897, 901 (Alaska Ct.App. 1983) (Alaska rule of criminal procedure permits relaxation of rules to prevent injustice) *with Williams v. State,* 494 So.2d 819, 822–23 (Ala.Crim.App.) (Alabama rule of procedure expressly permitted reinstate-

ment), *cert. denied,* 494 So.2d 819 (1986). Nor has the State cited anything in our Rules of Criminal Procedure or case law directly supporting the proposition that a new indictment can simply be viewed as a reinstatement or continuation of an old one. To the contrary, once the State has filed a nolle prosequi, the charge cannot be reinstated, since there is nothing pending to reinstate. *People v. DeBlieck,* 181 Ill. App.3d 600, 130 Ill.Dec. 321, 325, 537 N.E.2d 388, 392 (1989); *compare Morgan,* 673 P.2d at 901 (trial court could allow reinstatement of dismissed indictment under aforementioned rule of criminal procedure; trial court wanted to spare rape victim trauma of testifying before grand jury again) *with Williams,* 494 So.2d at 824 (recognized reinstatement of an indictment that has been unconditionally nolle prossed during same term of court).

The State cautions this Court that Defendant's argument places form over substance and encourages forum shopping. We are mindful of our duty to interpret the Rules of Criminal Procedure with logic and common sense to avoid absurd results. *See State v. Portillo,* 110 N.M. 135, 137, 793 P.2d 265, 267 (1990); *see also* SCRA 1986, 5–101(B) (Repl.1992). Nor may a party manipulate the rules in order to obtain a favorable judge. *See Ericksen,* 94 N.M. at 130, 607 P.2d at 668. New Mexico courts have declared that they will "look past the form to the substance" when considering the effects of a nolle prosequi on the six-month rule. *See, e.g., Delgado,* 83 N.M. at 627–28, 495 P.2d at 1074–75; *Ericksen,* 94 N.M. at 130–31, 607 P.2d at 668–69. Those courts have said that they will not allow the filing of a nolle prosequi to control the resolution of a six-month rule issue. Thus, they have not been willing to treat every nolle prosequi as starting the six-month clock anew.

Nevertheless, holding that the nolle prosequi in this case did not end the prior criminal proceeding would require us to redefine when a new case began. Prosecutors, who have the power to dismiss charges at their will, can take into consideration the fact that the defendant may have renewed procedural rights when deciding whether to dismiss a case without prejudice. The accused, on the other hand, would be powerless without court intervention to prevent prosecutors from bringing the same charges again and again. We believe the true substance of this issue lies with the requirement of a valid indictment. *See* U.S. Const. amend. V; N.M. Const. art. II, § 14 (Repl.Pamp.1992). We do not wish to send the State the message that invalid grand jury indictments are merely technical, easily fixed by "reinstating" or "continuing" the indictment. We therefore cannot agree that the first case was dismissed on "technical" grounds, and that the second indictment was merely a continuation of the first.

The State maintains that Defendant waived his right to disqualify Judge Murdoch in two ways. It first argues that Defendant's disqualification was untimely because Defendant had already invoked the discretion of the trial court. *See Smith v. Martinez,* 96 N.M. 440, 442, 631 P.2d 1308, 1310 (1981) (disqualification barred after party invokes court's discretion). A party's right to disqualify a judge may be waived if it is not timely asserted. *State v. Garcia,* 47 N.M. 319, 322, 142 P.2d 552, 554 (1943); *see also* SCRA 5–106(C). We reject the State's contention that Defendant's challenge of Judge Murdoch was untimely in light of our conclusion that the second indictment began a new case. The dismissal of the first indictment nullified all prior orders and proceedings in that case and terminated the jurisdiction of the trial court. *See State v. Heigele,* 14 Kan.App.2d 286, 789 P.2d 218, 219–20 (1990); *Board of Educ., Penasco Indep. Sch. Dist. v. Rodriguez,* 79 N.M. 570, 571, 446 P.2d 218, 219 (1968). This being the case, the second indictment commenced a new proceeding, with all procedural rights inuring to the parties.

■ The State also contends that Defendant waived his right to disqualify Judge Murdoch by agreeing that the judge's rulings in the first case would continue in effect in the second case. At the hearing concerning the peremptory challenge, Judge Murdoch asked whether the point of

reassigning this case to the same judge was to avoid having to redo work already done. Defense counsel responded that he did not think that work on the suppression motion had to be redone. He said he thought that both parties might be collaterally estopped by the finding of fact, but that he believed the present proceeding was a new prosecution for purposes of determining what procedural rights attach.

We do not believe that the foregoing admission constituted a waiver of Defendant's right to disqualify. Defense counsel consistently maintained his objection to Judge Murdoch's remaining in the case. At the hearing on the peremptory challenge, defense counsel said that he thought the case might be appropriate for a writ. As noted above, he also argued that the second indictment was a new prosecution in terms of procedural rights. Defendant repeated his objection to Judge Murdoch at jury selection. Defendant also requested a writ of prohibition and an emergency stay of proceedings from the Supreme Court. *See Ware v. Murdoch,* S.Ct. No. 20,065. The right to disqualify may be waived either expressly or by implication. *Garcia,* 47 N.M. at 322, 142 P.2d at 554. Defendant made clear his opposition to Judge Murdoch's remaining on the case at every stage of the proceeding. Defendant's acknowledgement of the continuing effectiveness of Judge Murdoch's rulings was a realistic response to the trial court's refusal to honor the challenge. Defendant was also concerned about the collateral estoppel effect of the judge's ruling in the first case. *But see Heigele,* 789 P.2d at 220 (new judge had discretion and duty to reconsider suppression issue when state refiled charges); *City of Farmington v. Stansbury,* 113 N.M. 100, 102, 823 P.2d 342, 344 (Ct.App.1991) (collateral estoppel requires valid final judgment). At most, Defendant agreed that the suppression motion would not have to be reheard, an issue not before us in this appeal. He did not agree to waive his objections to Judge Murdoch. We conclude that Defendant did not waive his right to disqualify Judge Murdoch.

█ The State also implies that the Supreme Court's denial of Defendant's peti-

tion for a writ of prohibition and an emergency stay was a determination that Judge Murdoch properly struck the affidavit of disqualification. We disagree. The denial of a writ of prohibition does not necessarily mean that the Supreme Court reached the merits of the issue argued in support of the writ, especially where there exists an adequate remedy at law. *In re Adoption of Baby Child,* 102 N.M. 735, 737, 700 P.2d 198, 200 (Ct.App.1985). Defendant has an adequate remedy by way of appeal in this case. The Supreme Court's denial of Defendant's petition without comment does not preclude our review of this issue.

We hold that Defendant's right to disqualify attached upon the filing of the second indictment. Judge Murdoch's actions subsequent to the proper peremptory challenge were void. *Rodriguez v. El Paso Elec. Co.,* 113 N.M. 672, 674, 831 P.2d 608, 610 (Ct.App.1992); *see also Latham,* 83 N.M. 530, 532, 494 P.2d 192, 194 (judge disqualified effective upon filing of affidavit, and thereafter has no jurisdiction to act in the case); *cf. Alvarez v. County of Bernalillo,* 115 N.M. 328, 850 P.2d 1031 (Ct. App.1993) (No. 14,014) (compensation order rendered by a workers' compensation judge who improperly failed to honor a peremptory challenge may not be set aside pursuant to NMSA 1978, Section 52–5–9(B)(6) (Repl. Pamp.1991) after the order has been unsuccessfully appealed on other grounds).

CONCLUSION

Defendant timely filed an affidavit of disqualification of the judge in Cause No. CR–91–1518. Judge Murdoch's actions subsequent to the filing of the affidavit were void. The trial court's judgment and sentence are reversed. This matter is remanded to the trial court with instructions to reassign this matter to another judge and for further proceedings. Because of our disposition, we do not address Defendant's remaining issues.

IT IS SO ORDERED.

DONNELLY and FLORES, JJ., concur.