2003-NMSC-014

70 P.3d 756

**Clinton WALKER, Plaintiff–Appellee,**

**v.**

**Hon. Sharon WALTON, Division XVI, Metropolitan Court, and Hon. Sandra Clinton, Division VII, Metropolitan Court, Defendants–Appellants.**

No. 27,599.

Supreme Court of New Mexico.

May 20, 2003.

Thomas DeMartino, Albuquerque, NM, for Appellee.

Cindy J. Cordova, David K. Thomson, Santa Fe, NM, for Appellants.

## OPINION

CHÁVEZ, Justice.

{1} Two metropolitan court judges, Judge Sharon Walton and Judge Sandra Clinton (Appellants), appeal a district court order granting a petition for writ of prohibition and writ of superintending control in favor of Defendant Clinton Walker (Defendant). The district court determined that Defendant's notice of excusal with respect to Judge Walton, which he filed within ten days of his rearraignment on refiled charges, was timely and enforceable. We disagree and reverse the district court. Because of the metropolitan court's unique rules pertaining to refiled criminal charges, we hold that a defendant must exercise his right of peremptory excusal of a judge within ten days of arraignment on the original charges. We determine that the time for filing a notice of excusal does not begin to run anew when the identical charges are refiled and the case is assigned to the same judge.

### SUMMARY OF RELEVANT FACTS AND PROCEDURE

{2} On June 18, 2001, a criminal complaint was filed against Defendant, alleging that he committed aggravated driving while under the influence of intoxicating liquor or drug, drove on a revoked or suspended license, possessed a controlled substance, and had a headlight violation. Judge Walton was assigned the case on this same day. On June 20, 2001, Defendant was arraigned on the charges. On July 13, 2001, the Public Defender's office formally entered its appearance on behalf of Defendant. During an August 16, 2001 pretrial hearing, Judge Walton granted Defendant's request to interview the investigating police officers. The matter was scheduled for trial before Judge Walton on August 29, 2001. During the pretrial hearing, the State asked the court for a continuance because officer interviews had not been conducted. Judge Walton reset the criminal trial for September 24, 2001, approximately three months after the complaint was filed.

{3} At the rescheduled September 24, 2001 trial, the State again moved for a continuance because the officer interviews had yet to be conducted due to an officer's illness. Defendant's attorney objected to the continuance and asked the court to dismiss the case without prejudice. Judge Walton denied the State's motion for a continuance and granted Defendant's motion to dismiss the case without prejudice. The State immediately notified both the court and Defendant that it intended to refile the charges.

{4} On November 1, 2001, the State filed a Notice of Re Filing of Dismissed Complaint (notice of re-filing) in metropolitan court. Complying with Metropolitan Court Rule 7–506(C) NMRA 2003, the State noted in the refiling that Judge Walton was the originally assigned judge, provided the metropolitan court clerk with the originally assigned case number of the dismissed complaint, and specified the reasons why the charges had been dismissed. The complaint accompanying the notice of re-filing was identical to the complaint filed on June 18, 2001, and was conspicuously marked "re-file." The court clerk assigned the original case number and the

originally assigned judge, Judge Walton, to the refiled case.

{5} On November 19, 2001, Judge Walton "rearraigned" Defendant, but noted that the rearraignment proceeding would not be conducted under the same formalities as the original arraignment. Defendant asked Judge Walton to calculate the 182–day rule. The Judge determined the last day for complying with the 182–day rule would be December 17, 2001. Judge Walton then scheduled the trial for that exact date. Nine days later, Defendant filed a notice of excusal of Judge Walton, and the case was randomly reassigned to Judge Clinton, who scheduled a trial for December 27, 2001. Defendant then argued that the charges should be dismissed with prejudice because the 182–day rule had expired ten days earlier. Judge Clinton denied Defendant's motion and held that the notice of excusal was invalid because it was not timely filed and because Defendant had asked Judge Walton to exercise discretion during the original proceeding. *See* Rule 7–106(C), (D) NMRA 2003.

{6} The case was remanded to Judge Walton, and Defendant again filed a motion to dismiss on the basis of a 182–day rule violation. Judge Walton asked the parties to brief the matter and provide her with legal authority. After due consideration, Judge Walton denied Defendant's motion to dismiss, concluding that the notice of excusal was not timely filed.

{7} On February 4, 2002, Defendant filed a petition for writ of prohibition and writ of superintending control in the Second Judicial District Court. The district court held that the refiled complaint constituted a new case, and therefore Defendant had the right to file a notice of excusal of Judge Walton within ten days of his arraignment on the refiled charges. The district court also held that Judge Walton's discretionary rulings under the original charges could not be considered. The two metropolitan court judges appealed the district court order, and our Court of Appeals certified the question to us because this case involves matters of substantial public interest and matters of superintending control. *See* N.M. Const. art. VI, § 3 ("The supreme court shall have ... superintending

control over all inferior courts; it shall also have power to issue writs of mandamus, error, prohibition, habeas corpus, certiorari, injunction and all other writs necessary or proper for the complete exercise of its jurisdiction....").

## DISCUSSION

### Standard of Review

■ {8} Rules of statutory construction are applied when construing rules of procedure adopted by the Supreme Court. *See* *State v. Eden*, 108 N.M. 737, 741, 779 P.2d 114, 118 (Ct.App.1989). This review is de novo. *State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995).

### Notice of Excusal Was Not Timely

■ {9} Defendant argues that, while refiled charges relate back to the date the original charges were filed for purposes of the 182–day rule under Rule 7–506(D) NMRA 2003, the time for exercising a peremptory right to excuse a judge begins anew from the date of the arraignment on the refiled charges, relying on *State v. Ware*, 115 N.M. 339, 850 P.2d 1042 (Ct.App.1993). Appellants, on the other hand, maintain that Defendant waived his right to excuse Judge Walton because the excusal had to be filed within ten days of Defendant's initial arraignment and because he had already invoked Judge Walton's discretion when he asked for the original charges to be dismissed without prejudice. The district court agreed with Defendant and prohibited Judge Walton from proceeding further.

{10} Although the proceedings in *Ware* occurred in district court as opposed to metropolitan court, we find that case instructive. In *Ware*, the original trial judge granted the defendant's suppression motion in part. *Id.* at 340, 850 P.2d at 1043. Subsequently, in response to the defendant's motion to quash the indictment on the basis of grand jury irregularities, the State filed a nolle prosequi and advised the court and the defendant that the case would immediately be re-presented to the grand jury. *Id.* The following day, the grand jury returned a second indictment virtually identical to the first. *Id.* The case was

again assigned to the same district judge, and within four days of the reindictment, the defendant filed a notice of peremptory excusal against the judge. Upon learning of his excusal, the district judge set the matter for a hearing where he struck the defendant's peremptory excusal because the defendant had previously invoked the court's discretion. *Id.* On appeal, the court of appeals held that the dismissal of the first indictment nullified all prior orders and proceedings in the case and terminated the jurisdiction of the trial court. *Id.* at 342, 850 P.2d at 1045. Thus, the second indictment commenced a new proceeding with all procedural rights inuring to the parties. *Id.* The court was persuaded that the second indictment commenced a new proceeding because the "Rules of Criminal Procedure simply do not provide for the 'reinstatement' or 'continuation' of a dismissed indictment, even in the interest of judicial economy." *Id.* at 341, 850 P.2d at 1044. The court's concern remains valid today, as no rule of criminal procedure for the district courts allows for a new indictment to be viewed as reinstatement or continuation of an old indictment.[1] However, the same is not true for metropolitan court.

{11} Rule 7–506(C), Rules of Criminal Procedure for the Metropolitan Courts, provides:

> If a citation or complaint is dismissed without prejudice and the charges are later refiled, at the time of refiling the charges, the prosecutor shall notify the metropolitan court of:
>
> (1) the court in which the original charges were filed;
>
> (2) the case file number of the dismissed charges;
>
> (3) the name of the assigned judge at the time the charges were dismissed; and
>
> (4) the reason the charges were dismissed.

We interpret the Rules of Criminal Procedure with logic and common sense to avoid absurd results. *See State v. Portillo,* 110 N.M. 135, 137, 793 P.2d 265, 267 (1990). Our interpretation is guided by our review of

rules in pari materia. *State ex rel. Quintana v. Schnedar,* 115 N.M. 573, 575, 855 P.2d 562, 564 (1993); *see Eden,* 108 N.M. at 741, 779 P.2d at 118 ("We apply the same rules to the construction of rules of procedure adopted by our supreme court as are applied to statutes."). The rules must be "liberally construed to secure the just, speedy and inexpensive determination of every metropolitan court action" and "not be construed to extend or limit the jurisdiction of any court, or to abridge, enlarge or modify the substantive rights of any litigant." Rule 7–101(B) NMRA 2003. Nor are parties permitted to manipulate the rules in order to obtain a favorable judge. *State v. Ericksen,* 94 N.M. 128, 131, 607 P.2d 666, 669 (Ct.App.1980).

{12} Unlike the district court rules of criminal procedure discussed in *Ware,* under Rule 7–506(C) a refiled criminal complaint in metropolitan court can be viewed as a reinstatement or continuation of the previous complaint. This is particularly true when Rule 7–506(C) is read together with Rule 7–506(D). Under subsection D, if criminal charges are dismissed without prejudice and later refiled, the metropolitan court is required to begin the calculation of the 182–day rule from the date of the filing of the original charges, absent good cause. The same cause number is assigned to the refiled charges, the same judge is appointed to hear the matter, and the 182–day rule commences from the date of the filing of the original charges. Considering the refiled charges to be a continuation of the original charges is a common sense interpretation of the rules consistent with a just, speedy, and inexpensive determination of the action. Defendant's substantive and procedural rights are not abridged, modified, or enlarged, nor are the rights of the State. It is as if the original charges continued without interruption to assure Defendant that his case would be heard within 182–days, thus not abridging or modifying this significant procedural right. Our holding neither abridges nor modifies Defendant's right of excusal since the merits of his

---

1. Notably, Rule 5–604(C) NMRA 2003 allows the district court to extend the six month period for commencing a trial. In contrast, Metropolitan Court Rule 7–506 does not allow for discretionary extensions although it authorizes extensions of time following a hearing when the delay in commencing the trial is found to be attributable to the defendant.

case will be considered by the very same judge he initially chose not to excuse.

{13} In this case the original criminal complaint was filed on June 18, 2001, and Defendant was arraigned two days later. Defendant had ten days from June 20, 2001, the date of his arraignment, to excuse Judge Walton who was assigned to hear his case under Rule 7–106 NMRA 2003. He did not excuse her. Instead, at a hearing three months later, Defendant asked Judge Walton to exercise her discretion and dismiss the criminal complaint against him without prejudice.[2] When identical charges were refiled under the same case number, with Judge Walton continuing as the presiding judge, Defendant asked Judge Walton to calculate the 182–day rule. Presumably, Judge Walton could have scheduled argument to determine whether good cause existed to calculate the 182–day rule from the date of the refiled charges, but she did not. Instead, Judge Walton treated the refiled charges as a continuation of the original charges and calculated the 182–day rule from the date of the filing of the original charges. Under Judge Walton's calculation, Defendant was to get his day in court on or before December 17, 2001. Judge Walton scheduled Defendant's trial for that very date in strict compliance with the 182–day rule. Indeed, throughout the proceedings Judge Walton carefully complied with the 182–day rule. Nothing changed procedurally or substantively from the original criminal proceedings. Defendant's substantive rights were not modified or abridged by Judge Walton's actions. Giving Defendant another opportunity to peremptorily excuse Judge Walton is not contemplated by the rules under the circumstances of this case.

{14} Finally, Appellants contend that if this matter is remanded to the metropolitan court, the 182–day limit should start again. This is clearly unacceptable since not all of the delay in bringing Defendant to trial is attributable to his actions. The metropolitan court must decide how much time remains on the 182–day limit consistent with *State v. Lucero,* 114 N.M. 460, 840 P.2d 607 (Ct.App.1992). In *Lucero,* the Court of Appeals held that the exact amount of time left on the 182–day rule is for a metropolitan court judge to decide based on the nature of the case and other relevant factors. *Id.* at 463, 840 P.2d at 610. In addition to the time after Defendant filed his late notice of excusal there may be other reasons for delay that are attributable to Defendant. "The time period for which defendant would be responsible as a matter of law is the shortest amount of time that the parties reasonably need to prepare for trial." *Id.*

## CONCLUSION

{15} Defendant's notice of excusal of Judge Walton was not timely filed because it was not filed within ten days of June 20, 2001. We reverse the district court's grant of a writ of prohibition and remand this matter to metropolitan court with instructions to schedule this matter for a trial on the merits within a reasonable period of time from its reinstatement on the metropolitan court docket.

{16} **IT IS SO ORDERED.**

WE CONCUR: PETRA JIMENEZ MAES, Chief Justice, PAMELA B. MINZNER, PATRICIO M. SERNA and RICHARD C. BOSSON, Justices.

---

**2.** Because of our holding Defendant's excusal of Judge Walton was also untimely because Defendant invoked the discretion of Judge Walton when he asked the judge to deny the State's motion for continuance and to dismiss his case without prejudice.