*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| SUE L. GRUNDBERG, | ) | |
| | ) | Supreme Court No. S-15365 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-12-11889 CI |
| v. | ) | |
| | ) | O P I N I O N |
| ALASKA STATE COMMISSION | ) | |
| FOR HUMAN RIGHTS, | ) | No. 6943 – August 22, 2014 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Philip R. Volland, Judge.

Appearances: David R. Edgren, Edgren Law Offices, LLC, Wasilla, and Joe P. Josephson, Josephson Law Offices, LLC, Anchorage, for Appellant. William E. Milks, Assistant Attorney General, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

FABE, Chief Justice.

I.      INTRODUCTION

Alaska Statute 18.80.112(b)(4) provides the executive director of the Alaska State Commission for Human Rights with discretion to dismiss a complaint of

employment discrimination if the complainant initiates an action in another forum "based on the same facts." Here, a public employee filed a complaint with the Commission in 2007 alleging employment discrimination and filed another complaint with the superior court in 2012. Upon learning of the 2012 complaint, the executive director dismissed the 2007 complaint, citing AS 18.80.112(b)(4). We conclude that the executive director had a proper statutory basis for dismissal because the 2012 civil complaint was "based on the same facts" as those alleged in the 2007 complaint.

## II.    FACTS AND PROCEEDINGS

In May 2007 Sue Grundberg applied for a promotion with her employer, the Alaska Department of Transportation and Public Facilities, but the Department promoted someone else instead. Grundberg filed an administrative complaint against the Department with the Alaska State Commission for Human Rights alleging that she was "fully qualified" for the promotion and that the Department had engaged in age, race, and sex discrimination in violation of various state and federal laws by promoting "a younger, less qualified Caucasian male" over her.

The Commission initiated an administrative investigation and "did not find substantial evidence to support allegations in the complaint." The executive director of the Commission dismissed the complaint.[1] On appeal, we reversed and remanded to the Commission.[2] We held that Grundberg had identified substantial evidence supporting an inference that there was a reasonable possibility (1) that the Department was

---

[1]    AS 18.80.112(a) provides: "If an investigation of a complaint under AS 18.80.110 fails to discover substantial evidence of an unlawful discriminatory practice under this chapter, the executive director shall issue an order dismissing the complaint without prejudice."

[2]    *Grundberg v. Alaska State Comm'n for Human Rights*, 276 P.3d 443, 452 (Alaska 2012).

motivated by discriminatory intent and (2) that the Department's proffered non-discriminatory purpose was mere pretext.[3] Accordingly, we concluded that the dismissal was improper and that Grundberg deserved a hearing before the Commission on her allegations unless another basis for dismissal was found.[4]

On remand, the Commission pursued Grundberg's 2007 administrative complaint. It prepared a draft accusation on behalf of Grundberg, a draft entry of appearance by a Commission-appointed human rights lawyer on behalf of Grundberg, and a draft referral for hearing by the Commission.

But on November 17, 2012, before these drafts were finalized, Grundberg filed a civil complaint against the Department in superior court. She divided the 2012 superior court complaint into two parts, first listing "[g]eneral [a]llegations [a]pplicable to [e]ach [c]ause of [a]ction," and second setting out specific claims for relief.

Among the general allegations were the following: that Grundberg applied in mid-2007 for a promotion for which she possessed all necessary qualifications and that the promotion went to a "white male" candidate instead of to her. The 2012 complaint detailed the procedural history of Grundberg's 2007 administrative complaint, from inception through dismissal, appeal, and remand. The 2012 complaint then stated that during the pendency of that appeal, Grundberg initiated an action in the U.S. Equal Employment Opportunity Commission (EEOC), bringing new claims of race, sex, and age discrimination and retaliation that allegedly occurred in 2010 and 2011 involving poor performance evaluations, pay reduction, temporary suspension, and hostile and unequal treatment at work. The 2012 complaint's general allegations

---

[3]     *Id.*

[4]     *Id.*

concluded by stating that the EEOC was unable to substantiate her claims and had issued a 90-day notice of Grundberg's right to sue.

Following these "general allegations applicable to each cause of action," the 2012 complaint listed five separate claims for relief, each of which "re-allege[d] and incorporate[d] herein each and every allegation" from the preceding paragraphs of the complaint. The 2012 complaint brought three claims of age, sex, and race discrimination, stating simply that Grundberg's age, sex, and race were "factor[s] in the decisions of the [Department] and her supervisor regarding her employment" and "made a difference, affecting her adversely, when such decisions were [made]." The 2012 complaint also included an equal protection claim, alleging that the Department "intentionally treated [Grundberg] differently from other similarly situated employees" without "rational basis" based on "the vindictiveness of [her] supervisor rather than upon legitimate grounds or objectives, or personnel needs." Finally, the 2012 complaint claimed illegal retaliation following her filing of the 2007 complaint.

The executive director of the Commission learned of the 2012 civil complaint on November 27, 2012, and ordered the 2007 administrative complaint dismissed on November 30, 2012, stating: "Complainant has initiated an action in Alaska Superior Court based on the same facts at issue in this case." The executive director stated that the legal basis for this dismissal was AS 18.80.112(b)(4), which provides: "At any time before the issuance of an accusation under AS 18.80.120, the executive director may dismiss without prejudice a complaint if the executive director determines that . . . the person aggrieved by the discriminatory practice has initiated . . . an action or proceeding in another forum based on the same facts."

Following filing of the 2012 complaint and dismissal of the 2007 complaint, the Department answered Grundberg's 2012 complaint, denying all relevant allegations of discrimination, denial of equal protection, and retaliation. The Department also raised

the affirmative defense that "Grundberg's claims may be barred as untimely or by the applicable statutes of limitations."

Following the Department's answer, Grundberg appealed the executive director's dismissal of her 2007 administrative action to the superior court. She argued that the Commission lacked a statutory basis to close her case under AS 18.80.112(b)(4) because her 2012 civil action was not "based on the same facts" as her 2007 action. The superior court, in its role as an intermediate appellate court, concluded that the Commission had a statutory basis to close Grundberg's 2007 action because her 2012 civil complaint "subsume[d] the facts of her 2007 complaint before the Commission." Grundberg appeals.

## III. STANDARDS OF REVIEW

It is a legal question whether a new complaint is based on facts that underlay a prior complaint.[5] Because "no agency expertise is involved" in this legal determination, the substitution-of-judgment standard of review applies, and "we may 'substitute [our] own judgment for that of the agency even if the agency's decision had a reasonable basis in law.' "[6] The ultimate decision to dismiss a complaint pursuant to any of the factors in AS 18.80.112(b) is at the discretion of the executive director of the Commission.[7] But the executive director of the Commission abuses that discretion if the

---

[5]   *Cf. Alaska Wildlife Alliance v. State*, 74 P.3d 201, 205 (Alaska 2003) ("Whether res judicata prevents a plaintiff from bringing an action presents a question of law that we review de novo.").

[6]   *Davis Wright Tremaine LLP v. State, Dep't of Admin.*, 324 P.3d 293, 299 (Alaska 2014) (alteration in original) (internal citations omitted).

[7]   *See* AS 18.80.112(b) ("[T]he executive director *may* dismiss" a complaint if the director determines that one of seven predicate conditions is met. (emphasis added)).

predicate legal determination cited as a statutory basis for dismissal under AS 18.80.112(b) is made in error.

## IV.   DISCUSSION

Alaska Statute 18.80.112(b)(4) provides that the executive director of the Commission "may dismiss without prejudice a complaint if the executive director determines that . . . the person aggrieved by the discriminatory practice has initiated . . . an action or proceeding in another forum based on the same facts."

Grundberg asks us to reverse the dismissal of her 2007 action and remand to the Commission for further proceedings.  She provides two specific arguments.  First, she argues that the 2012 civil complaint does not rely, as a basis for relief, on any of the facts alleged in the 2007 complaint and thus that the executive director lacked a statutory basis for dismissal under AS 18.80.112(b)(4).  Grundberg reasons that the discussion in the 2012 complaint of the Department's allegedly discriminatory failure to promote her in 2007 was only "factual historical and background information" and did not form "a factual basis for relief in that action."  Second, Grundberg argues that if the two-year statute of limitations in AS 09.10.070(a)[8] applies to claims arising from the events of 2007, then as a matter of law the 2007 events were not the "same facts" underlying Grundberg's 2012 complaint.

The Commission responds that the 2012 complaint clearly includes claims based on the same facts alleged in the 2007 complaint.  It further maintains that AS 18.80.112(b)(4) does not make the ultimate viability of the duplicative action relevant to the executive director's power to dismiss the administrative complaint.  It

---

[8]    AS 09.10.070(a) provides: "Except as otherwise provided by law, a person may not bring an action . . . upon a liability created by statute [such as, for example, employment discrimination] . . . unless the action is commenced within two years of the accrual of the cause of action."

concludes that, in any event, the limitations period on Grundberg's 2007 claims would have been equitably tolled while they were at the Commission and that the corresponding claims in her 2012 complaint would thus not be time-barred in superior court.

We affirm the Commission's dismissal of Grundberg's 2007 complaint under AS 18.80.112(b)(4). Two complaints are "based on the same facts" under AS 18.80.112(b)(4) when they both allege common facts that are sufficient to make out a well-pleaded claim for relief that is actually brought in both complaints.[9] That test is met here.

First, the 2012 complaint alleges all of the relevant facts that the 2007 complaint alleged: that Grundberg worked at the Department in 2007 and sought a promotion but that the Department instead gave the promotion to a younger, white male due to alleged age, race, and sex discrimination.

Second, the 2007 complaint uses these shared facts to make out claims for discriminatory failure to promote in 2007 based on the impermissible characteristics of age, sex, and race.

Third, the 2012 complaint uses these same facts to make out the same claims. Grundberg attempts to recast those facts as "historical" rather than operative bases for relief in her 2012 complaint, but we reject that characterization for three reasons. First, the 2012 complaint describes those facts as "[g]eneral [a]llegations [a]pplicable to [e]ach [c]ause of [a]ction." Second, the 2012 complaint incorporates those facts by reference in each enumerated claim for relief. And third, the 2012 complaint's claims for relief for age, race, and sex discrimination are broadly

---

[9]     Conversely, two complaints are not "based on the same facts" under AS 18.80.112(b)(4) when the common facts, standing alone, are not sufficient to make out a well-pleaded claim for relief, or when the common facts would be sufficient but the two complaints do not bring the same claim for relief.

phrased to include "the decisions of the [Department] and her supervisor regarding her employment" and make no attempt to distinguish between the claims based on actions taken in 2010 and 2011 and the actions characterized by the shared facts from 2007. Grundberg's 2012 complaint alleged the same 2007 facts to make out the same claims for relief. That Grundberg's 2012 complaint also alleged new facts to support additional claims for relief — such as new instances of age, sex, and race discrimination in 2010 and 2011 or the new retaliation and equal protection claims — is of no moment.

For these reasons, we conclude that the executive director correctly determined that the legal predicate to discretionary dismissal under AS 18.80.112(b)(4) was met in this case as a matter of law because Grundberg "initiated . . . an action . . . in another forum based on the same facts" as her 2007 complaint.

The possibility that Grundberg's 2007 claims might now be time-barred is legally irrelevant to the question whether the 2012 complaint is "based on the same facts" as the 2007 complaint. And in any event, under our precedent, Grundberg's 2007 claims of age, sex, and race discrimination would likely not be time-barred because the limitations clock was equitably tolled while those claims were before the Commission.[10] We also note that AS 18.80.112(d)(2) provides that dismissal under any of the provisions in section .112, including subsection (b)(4), "does not prevent a complainant from . . . filing a new complaint under AS 18.80.100 that resolves the grounds for the dismissal." Accordingly, Grundberg may attempt to cure the defect that led to the dismissal of her 2007 complaint and re-file with the Commission.

---

[10] *See, e.g.*, *Beegan v. State, Dep't of Transp. & Pub. Facilities*, 195 P.3d 134, 141-43 (Alaska 2008).

## V. CONCLUSION

We agree with the Commission's legal determination that Grundberg's 2012 complaint in superior court was "based on the same facts" as her 2007 complaint to the Commission within the meaning of AS 18.80.112(b)(4). We therefore AFFIRM the Commission's dismissal of Grundberg's 2007 complaint.