IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: 2017-NMCA-035

Filing Date: January 24, 2017

Docket No. 34,620

STATE OF NEW MEXICO,

      Plaintiff-Appellant,

v.

BENJAMIN SEIGLING,

      Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Charles W. Brown, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Becca Salwin, Assistant Appellate Defender
Santa Fe, NM

for Appellee

OPINION

HANISEE, Judge.

{1}    The State appeals the district court's March 11, 2015 order excluding witnesses and suppressing evidence the State planned to present at Defendant Benjamin Seigling's trial for alleged separate acts of commercial burglary and larceny at Valley High School in Albuquerque, New Mexico. The district court's order was premised on the case management pilot rule locally implemented by Supreme Court Order No. 16-8300-001 in Bernalillo

1

County, LR2-400 NMRA (2014)[1] (the local rule). The local rule permits, and often requires, sanctions based on the State's failure to comply with discovery and timeliness requirements contained therein. *See* LR2-400(D)(4), (I) (2014).

**{2}** Called upon by this appeal to reconcile application of our Supreme Court's precedent limiting district courts' discretion to sanction with the local rule's language that "existing case law on criminal procedure continue[s] to apply to cases filed in the Second Judicial District Court, but only to the extent [it] do[es] not conflict with this pilot rule[,]" LR2-400(A) (2014), this Court certified this matter to our Supreme Court. But our Supreme Court quashed certification, stating that "the Court is confident that the Court of Appeals is fully capable of applying this Court's textual direction in LR2-400(A) that prior procedural precedents apply to cases governed by the new procedural case management rule only 'to the extent they do not conflict with' LR2-400[.]" Now having considered the text of the local rule alongside what we perceive to be the non-conflicting mandates of prior New Mexico Supreme Court decisions governing criminal procedure, we reverse the district court's order excluding the State's witnesses and suppressing all audio and visual evidence.

**{3}** At the outset, we note that since the enactment of the original version of the local rule on November 6, 2014, our Supreme Court has promulgated a revised version altering various provisions and containing the same, identically worded non-conflict provision. *See* LR2-308. Thus, *all* criminal cases filed or pending in the Second Judicial District Court are subject to new case management deadlines based on one of three currently existing rules. The amended version of the local rule is effective for all cases pending or filed on or after February 2, 2016, in addition to any cases filed prior to February 2, 2016, where the track assignment was not made until February 2, 2016, or later. *See* LR2-308 (stating that "as amended by Supreme Court Order No. 16-8300-001, effective for new cases filed and for pending cases in which a track assignment is made on or after February 2, 2016"). The original version of the local rule, which became effective on February 2, 2015, applies to this and all cases filed with the district court between July 1, 2014, and February 2, 2016. *See* LR2-308(B)(1) (stating that "[c]riminal cases filed on or after July 1, 2014," shall be assigned to the new calendar). Finally, cases filed before July 1, 2014, are subject to a special calendar rule enacted by the Second Judicial District Court pursuant to the requirements of the local rule. *See* LR2-400.1 NMRA (2015) (special calendar rule); *see also* LR2-400(B)(1) (2014) (requiring implementation of special calendar rule); LR2-308(B)(1) (same).

**BACKGROUND**

**{4}** Defendant was indicted on September 5, 2014. After the original version of the local rule became effective on February 2, 2015, a scheduling conference was held on February

---

[1]Pursuant to Supreme Court Order No. 16-8300-015, former LR2-400 (2014) was recompiled and amended as LR2-308 NMRA, effective December 31, 2016. Any reference to the current Rule in this opinion will be cited as LR2-308.

16, 2015. Defendant had previously filed a motion to exclude witnesses based, in large part, on the State's refusal to assist in scheduling witness interviews in the four months since Defendant had been arraigned. Defendant's motion was denied, and the case was assigned to Track 1 under the local rule. A scheduling order was entered on February 20, 2015, and trial was scheduled for July 20, 2015, "within 180 days of the triggering event in this case." The scheduling order set other deadlines but did not denote a date by which the completion of witness interviews was required.

**{5}** On February 24, 2015, Defendant filed two motions. The first was a second motion to exclude witnesses because Defendant's counsel had subpoenaed four officers via Albuquerque Police Department Court Services and only one appeared to be interviewed. Defendant contended that two of the officers ignored the subpoena, and one was on military leave. The State responded and offered to accept responsibility for scheduling the officers' interviews rather than having their testimony excluded.

**{6}** The second motion Defendant filed was a motion to dismiss or, as a lesser alternative sanction, to suppress based upon the State's failure to comply with its discovery obligations. That motion asserted that the State had not provided (1) lapel recordings, (2) the detective's first interview with Defendant, and (3) the detective's second interview with Defendant. Defendant argued that the State failed to satisfy the new discovery requirements of the local rule, which requires the State to provide documentary, audio, and video evidence at a defendant's arraignment or within five days of when a written waiver of arraignment is filed. *See* LR2-400(D)(1) (2014).[2] To this motion, the State responded that a speed letter was provided on November 21, 2014, "that would permit counsel's access to this evidence for copying," but stated also that Defendant's attorney was notified on March 4, 2015, that the recordings were available to pick up from the district attorney's office. The State added that due to the lack of a pretrial interview deadline and the fact that the motions deadline was not until May 29, 2015, there was no prejudice to Defendant.

**{7}** Following a hearing on March 11, 2015, the district court granted Defendant's motion to exclude witnesses and suppressed all audio and video evidence. The district court entered a form order the same day.[3] The State appeals.

---

[2] Rule 5-501(A) NMRA (2007), in effect during the four months prior to the applicability of the local rule, requires production of these materials within ten (10) days of arraignment.

[3] The district court's form order indicates that Defendant's motion to exclude was granted and Defendant's motion to dismiss was denied. But it was within his motion to dismiss that Defendant sought suppression of all audio and video evidence—relief the State maintains was granted orally by the district court. Generally, we consider oral rulings only to the extent they do not conflict with written rulings of the district court. *See Enriquez v. Cochran*, 1998-NMCA-157, ¶ 25, 126 N.M. 196, 967 P.2d 1136 ("Formal written orders

3

**DISCUSSION**

**{8}** The State raises six issues on appeal challenging the exclusion of witnesses and the suppression of audio and video evidence. To resolve them, this Court must reconcile any conflicts between the provisions of the local rule, pre-existing rules of criminal procedure, and related case law governing the district court's discretionary use of such sanctions. We begin with a discussion of pertinent requirements of the local rule, and then turn to restrictions on the district court's exercise of discretion established by case law. We conclude by examining the specific facts of this case.

## I. The Local Rule's Provisions

**{9}** The local rule creates clear and limited time frames for the progression of criminal cases in the Second Judicial District Court. Both the original and amended versions of the local rule contain specific requirements that govern the exchange of discovery and the scheduling of various events that mark the progression of a criminal case and contemplate the imposition of sanctions in the event the new discovery and scheduling requirements are not adhered to.

## A. Discovery Provisions

**{10}** Under the local rule, the State is required to make all initial disclosures described in Rule 5-501(A)(1)-(6) NMRA "at the arraignment or within five (5) days of when a written waiver of arraignment is filed[.]" LR2-400(D)(1) (2014); *see also* LR2-308(D)(1) (same). Additional disclosures also then due include "phone numbers and email addresses of witnesses if available, copies of documentary evidence, and audio, video, and audio-video recordings made by law enforcement officers or otherwise in possession of the state," and "a 'speed letter' authorizing the defendant to examine physical evidence in the possession

_____

filed of record normally supersede oral rulings, and oral rulings cannot normally be used to contradict written orders."); *see also State v. Morris*, 1961-NMSC-120, ¶ 5, 69 N.M. 89, 364 P.2d 348 ("An oral ruling by the trial judge is not a final judgment. It is merely evidence of what the court had decided to do but he can change such ruling at any time before the entry of a final judgment."). Here, the form order appears to be ambiguous. In this Court's calendar notice we proposed to accept the State's assertion in its docketing statement as true, *see State v. Calanche*, 1978-NMCA-007, ¶ 10, 91 N.M. 390, 574 P.2d 1018 (stating that the factual recitations in the docketing statement are accepted as true unless the record on appeal shows otherwise), and directed Defendant to inform us if the State was incorrect that the audio and video evidence had been suppressed. Given that Defendant raised no challenge to this fact in his memorandum in opposition, we rely on the State's assertion.

4

of the state." LR2-400(D)(1) (2014).[4] The state may only withhold the requisite witness contact information if it first "seek[s] relief from the court by motion, for good cause shown . . . if necessary to protect a victim or a witness" and then must "arrange for a witness interview or accept at its business offices a subpoena for purposes of [a] deposition under Rule 5-503 NMRA." LR2-400(D)(2) (2014); *see also* LR2-308(D)(2) (same). The state is further assigned "a continuing duty to disclose additional information to the defendant within five (5) days of receipt of such information[.]" LR2-400(D)(3) (2014); *see also* LR2-308(D)(3) (same). The continuing duty encompasses later-obtained evidence "in the possession of a law enforcement agency or other government agency." LR2-400(D)(3) (2014).[5]

**{11}**    The original version of the local rule states that the district court *may* sanction the State if it violates these discovery provisions. Specifically, the local rule provides:

> If the state fails to comply with any of the provisions of this rule, the court may enter such order as it deems appropriate under the circumstances, including but not limited to prohibiting the state from calling a witness or introducing evidence, holding the prosecuting attorney in contempt with a fine imposed against the attorney or the employing government office, and dismissal of the case with or without prejudice. If the case has been re-filed following an earlier dismissal, dismissal with prejudice is the presumptive outcome for a repeated failure to comply with this rule.

LR2-400(D)(4) (2014).[6]

## B.    Scheduling Provisions

**{12}**    Pursuant to the local rule, cases must be placed on one of three tracks (Track 1, Track 2, or Track 3), based on a consideration of the complexity of the case and the number of

---

[4]*But see* LR2-308(D)(1) (amending the disclosure provision to require the state to "provide addresses, and also phone numbers and email addresses if available, *for its witnesses that are current as of the date of disclosure*" (emphasis added)).

[5]*But see* LR2-308(D)(4) (amending the definition of what is in the possession of the state to "evidence [that] is in the possession or control of any person or entity *who has participated in the investigation or evaluation of the case*" (emphasis added)).

[6]*But see* LR2-308(I) (governing the use of sanctions and replacing the language previously set forth in LR2-400(D)(4) (2014) with that set forth in LR2-308(I)(1), which provides that "[i]f a party fails to comply with any provision of this rule or the time limits imposed by a scheduling order entered under this rule, the court *shall* impose sanctions as the court *may* deem appropriate in the circumstances and taking into consideration the reasons for the failure to comply" (emphases added)).

witnesses and time needed to address evidentiary issues. *See* LR2-400(G)(3) (2014); LR2-308(G)(3). The presumption, according to the local rule, is that "most cases will qualify for assignment to [T]rack 1" and that "written findings are required to place a case on [T]rack 3." LR2-400(G)(3)(a), (c) (2014); *see also* LR2-308(G)(3)(a)-(b) (same).

**{13}**     To this end, the district court is required to issue a scheduling order that "assigns the case to one of three tracks and identifies the dates when events required by that track shall be scheduled[.]" LR2-400(G)(4) (2014); *see also* LR2-308(G)(4) (same). According to the original version of the local rule, Track 1 requires that trial commence within 180 days of arraignment, waiver of arraignment, or other applicable triggering event. LR2-400(G)(4)(a), (H) (2014) (identifying other applicable triggering events to be any determination of competency, mistrial order, mandate following appeal, date of arrest after failure to appear, date removed from pre-prosecution, and date case was severed where previously joined). Track 2 requires that trial commence within 270 days of a triggering event, LR2-400(G)(4)(b) (2014), and Track 3 within 365 days, LR2-400(G)(4)(c) (2014).[7] Within each of these tracks, the local rule provides deadlines for plea agreements; pretrial conferences; notices of need for a court interpreter; pretrial motions, responses, and hearings; witness interviews; and the disclosure of scientific evidence. *See* LR2-400(G) (2014); *see also* LR2-400(G)(4)(a). With respect to witness interviews, in particular, the deadline under Track 1 is 60 days prior to trial. *See* LR2-400(G)(4)(a)(vii) (2014). The same deadline for Track 2 cases is 75 days, LR2-400(G)(4)(b)(vii) (2014), and for Track 3 is 100 days, LR2-400(G)(4)(c)(vii) (2014). *See* LR2-400(G)(4)(a)-(c) (same).

**{14}**     The district court must impose sanctions for the failure to comply with any of the scheduling provisions of the local rule. *See* LR2-400(I) (2014), *see also* LR2-308(I) (modifying the structure of the mandatory sanction provision of the local rule). Specifically, as required by the original version of the local rule, the district court "shall impose sanctions as the court may deem appropriate in the circumstances, including but not limited to reprimand by the judge, dismissal with or without prejudice, suppression or exclusion of evidence, and a monetary fine imposed upon a party's attorney or that attorney's employing office with appropriate notice to the office and an opportunity to be heard." LR2-400(I) (2014); *see also* LR2-308(I)(3) (identifying witness exclusion and the imposition of civil or criminal contempt as sanctions which a district court "may impose").

## II.     Preexisting Limitations on the Exercise of Sanction Discretion

**{15}**     Prior to enactment of the local rule, our Supreme Court set out clear limitations on the exercise of a district court's discretion to exclude witnesses in *State v. Harper*, 2011-NMSC-044, ¶¶ 16-20, 150 N.M. 745, 266 P.3d 25. *Harper* held that "the exclusion of a witness is improper absent an intentional refusal to comply with a court order, prejudice to

---

[7]*But see* LR2-308(G)(4)(a)-(c) (amending the time for trial on Tracks 1, 2, and 3, to 210, 300, and 455 days, respectively, from arraignment or other triggering event).

the opposing party, and consideration of less severe sanctions." *Id.* ¶ 15. In reaching this determination, our Supreme Court noted that "[a] court has the discretion to impose sanctions for the violation of a discovery order that results in prejudice to the opposing party" but that "[e]xtreme sanctions such as dismissal are to be used only in exceptional cases." *Id.* ¶ 16 (internal quotation marks and citation omitted). Our Supreme Court pointed out that "[t]he trial court should seek to apply sanctions that affect the evidence at trial and the merits of the case as little as possible." *Id.* (alteration, internal quotation marks, and citation omitted). Moreover, our Supreme Court stated that "the refusal to comply with a district court's discovery order only rises to the level of exclusion or dismissal where the [s]tate's conduct is especially culpable, such as where evidence is unilaterally withheld by the [s]tate in bad faith, or all access to the evidence is precluded by [s]tate intransigence." *Id.* ¶ 17. And that "even when a party has acted with a high degree of culpability, the severe sanctions of dismissal or the exclusion of key witnesses are only proper where the opposing party suffered tangible prejudice." *Id.* ¶ 19; *see id.* ¶ 16 (stating that "prejudice must be more than speculative; the party claiming prejudice must prove prejudice—it is not enough to simply assert prejudice"). Finally, our Supreme Court stated that "[p]rejudice does not accrue unless the evidence is material and the disclosure is so late that it undermines the defendant's preparation for trial." *Id.* ¶ 20. Therefore, to reiterate, *Harper* requires that in order for the district court to exclude material witnesses there must be: (1) "an intentional refusal to comply with a court order[,]" (2) "prejudice to the opposing party[,]" and (3) "consideration of less severe sanctions[.]" *Id.* ¶ 15.

**{16}** Regarding *Harper*'s requirement that the opposing party demonstrate that it has been prejudiced in order to attain sanctions, *Id.* ¶ 16, and in particular the sanction of witness exclusion, *id.* ¶ 15, we take this opportunity to note that prejudice is not a prerequisite to the imposition of sanctions under the local rule given the mandatory nature of sanctions. *See* LR2-400(I) (2014); *see also* LR2-308 (I) (same). Consequently, to the extent the local rule diverges from *Harper* in this regard, the local rule controls. *See* LR2-400(A) (2014); *see also* LR2-308(A) (same). But nothing in the local rule can be read to eliminate the analytic role of prejudice to a defendant in determining the severity of a sanction imposed on the state, and we continue to rely on *Harper* in this regard, even in circumstances where no showing of prejudice is required.

**{17}** Even when not discussing the exclusion of witness testimony in particular, our appellate decisions have placed limitations on the exercise of a district court's discretion to stringently sanction by excluding or suppressing evidence. While this Court's review of a district court's imposition of sanctions is for an abuse of discretion, we still look to "the nature of the conduct and level of culpability found by the trial court and whether the trial court's sanction appears more stern than necessary in light of the conduct prompting the sanction." *Enriquez*, 1998-NMCA-157, ¶ 20. "[P]art of our calculus includes a review of the trial court's exploration of alternatives to the sanctions ultimately imposed." *Id.* ¶ 21 (also describing the consideration of lesser sanctions as "a generally useful exercise both on appeal and for the trier in the first instance"); *see id.* ¶ 48 (affirming the imposition of sanctions that deprived the defendant of affirmative defenses when the trial court "explicitly

7

considered other lesser alternatives and found them wanting"); *see also Gonzales v. Surgidev Corp.*, 1995-NMSC-047, ¶ 33, 120 N.M. 151, 899 P.2d 594 ("The court need not exhaust all lesser sanctions, although meaningful alternatives must be reasonably explored before the sanction of dismissal is granted." (internal quotation marks and citation omitted)).

**{18}** We view our precedent, including our Supreme Court's most recent expression of it in *Harper*, to bind New Mexico courts to the requirement that lesser sanctions be considered when fashioning a proper remedy for a party's failure to abide by the orders and rules of a court. Therefore, we assess the applicability or inapplicability of our case law only from the standpoint of whether it is in direct conflict with any specific provision of the local rule.

## III. No Case Law Conflicts Presented Under Specific Facts of This Case

### A. District Court's Exclusion of Witnesses

**{19}** Having considered the provisions of the local rule and the requirements of *Harper*, we conclude that under the facts of the present case, no conflict is presented and, therefore, *Harper* still limits the district court's ability to exclude witnesses. As we explain below, our holding does not disregard the local rule's requirement that sanctions be imposed for failure to comply with the time requirements of the local rule. *See* LR2-400(I) (2014). We observe first that while imposition of sanctions is mandatory, the type of sanction imposed is still within the discretion of the Second Judicial District Court. *See id.* (providing that "the court shall impose sanctions as the court may deem appropriate"). As such, the exercise of discretion to sanction remains subject to the prudential limitations enunciated in *Harper*, 2011-NMSC-044, ¶ 16. Additionally in the present case, we conclude that no deadline imposed by LR2-400(G)(4)(a) (2014) was violated, and thus, no mandatory sanction was required pursuant to LR2-400(I) (2014).

**{20}** Defendant's case began on September 5, 2014, and a scheduling conference was held on February 16, 2015, soon after the local rule went into effect on February 2, 2015. While the scheduling order did not include a deadline for the completion of witness interviews, the case was placed on Track 1 and the trial was set for July 20, 2015. The district court judge could have set a shorter time frame for the conclusion of witness interviews, *see* LR2-400(G)(5) (2014), but because no deadline for witness interviews was included in the scheduling order, the deadline for pretrial interviews was May 20, 2015, based on the requirements of the local rule. *See* LR2-400(G)(4)(a)(vii) (2014) ("Witness interviews will be completed sixty (60) days before the trial date[.]").

**{21}** In the present case, Defendant scheduled four interviews to take place on February 24, 2015; two officers failed to attend without providing justification for their absence. The same day, Defendant moved to exclude those witnesses based on their failure to appear. We calculate that at that point in the proceedings, there were roughly three months left within which to reschedule the interviews; thus, it would appear that sanctions other than exclusion of the witnesses could have still remedied any violation that may have occurred.

8

Additionally, we conclude that because mandatory sanctions were not required under the local rule as no deadline had been violated, and because the local rule does not mandate exclusion as a discovery sanction pursuant to LR2-400(D)(4) (2014), under the facts of this case, *Harper* still applies.

**{22}** Defendant argues that the local rule supersedes *Harper* given the comprehensive nature of the local rule. Defendant contends that under NMSA 1978, Section 12-2A-10(D) (1997), "[i]f a rule is a comprehensive revision of the rules on the subject, it prevails over previous rules on the subject, whether or not the revision and the previous rules conflict irreconcilably." While this argument may be persuasive under other circumstances, here, our Supreme Court has specified that "existing case law on criminal procedure continue[s] to apply to cases filed in the Second Judicial District Court . . . to the extent [it] do[es] not conflict with th[e] pilot rule." LR2-400(A) (2014). While "the Legislature may enact rules affecting practice and procedure," the Supreme Court may "exercise[] its inherent power to supersede any conflicting statutory provisions." *Grassie v. Roswell Hosp. Corp.*, 2008-NMCA-076, ¶ 10, 144 N.M. 241, 185 P.3d 1091. Thus, to the extent the textual directive contained in LR2-400(A) (2014) conflicts with Section 12-2A-10(D), we conclude the local rule controls and, therefore, the comprehensive nature of the local rule does not require that it prevail over prior rules even where no conflict exists.

**{23}** Defendant also argues that the local rule directly and irreconcilably conflicts with *Harper*. Defendant contends that the local rule and *Harper* cannot be reconciled because the local rule "makes sanctions mandatory upon *any* violation, while *Harper* . . . all but forbade sanctions." However, what Defendant fails to acknowledge is that *Harper* does not apply to all sanctions, but only to those sanctions, such as exclusion of witnesses, that bar further prosecution by the State or that are the "functional equivalent of dismissal." *Harper*, 2011-NMSC-044, ¶ 21. Thus, under the facts of this case, even if we were to conclude that there was a violation of the timeline provisions of the local rule, there are still avenues available to the district court that allow it to choose an appropriate sanction that remedies the violation, but that does not effectively bar the continuation of prosecution by the State. For instance, the local rule clearly contemplates that dismissals without prejudice will be utilized by the Second Judicial District Court to enforce compliance. *See* LR2-400(I) (2014) (including dismissal without prejudice as one of the sanctions that may be utilized and providing that, "[i]f the case has been re-filed following an earlier dismissal [without prejudice], dismissal with prejudice is the presumptive outcome for a repeated failure to comply with this rule"); *see also* LR2-308(I)(2) (same). A dismissal without prejudice would permit new deadlines to be established to allow Defendant the meaningful opportunity to interview the witnesses against him, while warning the State that further failures to adhere to the requirements of the local rule may result in the State being disallowed from prosecuting Defendant.[8]

---

[8]We note that this avenue is curtailed to some degree by the revisions to the local rule. *See* LR2-308(I)(4) (amending the local rule to prohibit the sanction of dismissal, with

9

**{24}** Moreover, to the extent Defendant contends that the local rule and *Harper* cannot be reconciled because the local rule "gives judges wide discretion to select among sanctions, while *Harper* severely limited a judge's choice[,]" we disagree. Defendant characterizes the local rule as "requir[ing] mandatory sanctions, without restriction"; however, we note that the local rule does not provide the district court with a blanket discretion to impose any sanction it chooses, but qualifies the district court judge's choice of sanction by requiring that it be "appropriate in the circumstances." LR2-400(I) (2014). We do not interpret the broad language allowing for the choice of an "appropriate sanction" to mean the district court has unfettered discretion; rather, we interpret this broad language as allowing this Court to reconcile the requirements of *Harper* with the local rule under the facts of this case. *Cf.* § 12-2A-10(A) ("If statutes appear to conflict, they must be construed, if possible, to give effect to each."). Given that our Supreme Court has specifically articulated in the local rule that the provisions of the rule and prior case law should be reconciled where possible, *see* LR2-400(A) (2014), we interpret the rule's use of broad strokes in discussing sanctions to allow for the continued application of *Harper* to the sanction to which it applies, rather than intending *Harper*'s upending in only the Second Judicial District. Given this Court's role as an intermediate court, we conclude that such a path is appropriate and sensible under these unique circumstances that require us to apply the local rule, adhere to non-conflicting precedent, consider the interests of defendants and the state, and arrive at a workable methodology that district judges in the Second Judicial District can incorporate into the pre-trial litigation ongoing currently under LR2-308.

**{25}** In this case, and given the circumstances that preceded the sanctions imposed, it does not appear that the criteria established in *Harper* of (1) intentional, bad faith conduct, (2) consideration of lesser sanctions, and (3) tangible prejudice to the Defendant were considered by the district court. We therefore reverse the district court's order excluding the witnesses from testifying and remand for consideration of these factors.

**B.      District Court's Suppression of Audio-Visual Evidence**

**{26}** We posit similar concerns as those explained above with regard to the district court's decision to exclude all audio and visual evidence in the present case. With respect to the suppression of audio and visual evidence, however, we note the State's clear violation of Rule 5-501(A) and the local rule. Thus, while we conclude that some sanctions were appropriate, under our precedent all options should have demonstrably been considered. *See Enriquez*, 1998-NMCA-157, ¶¶ 20-21; *Bartlett*, 1990-NMCA-024, ¶ 4.

**{27}** As we have stated, the local rule requires that "copies of documentary evidence, and audio, video, and audio-video recordings made by law enforcement officers or otherwise in

---

or without prejudice, where "the state proves by clear and convincing evidence that the defendant is a danger to the community" and "the failure to comply with th[e] rule is caused by extraordinary circumstances beyond the control of the parties").

possession of the state" be provided to Defendant at the time of arraignment or within five days of a written waiver of arraignment. LR2-400(D)(1) (2014). Here, Defendant was arraigned before the effective date of the local rule and, thus, Rule 5-501 governed until the local rule took effect. The State's assertion as to the deadline for providing copies of the evidence is resolved by its failure to timely provide them under either Rule 5-501(A) or the local rule. We conclude that it is not necessary to determine which date was required because, in the present case, the State failed to meet either of these deadlines.

**{28}** Moreover, to the extent the State contends that the requirements of LR2-400(D) (2014) are satisfied by the provision of a speed letter, we disagree. The language contained in the local rule resolves this issue:

> The state shall disclose or make available to the defendant all information described in Rule 5-501(A)(1)-(6) . . . at the arraignment or within five (5) days of when a written waiver of arraignment is filed under Rule 5-303(J) NMRA. In addition to the disclosures required in Rule 5-501(A) . . . , at the same time the state shall provide phone numbers and email addresses of witnesses if available, copies of documentary evidence, and audio, video, and audio-video recordings made by law enforcement officers or otherwise in the possession of the state, and a "speed letter" authorizing the defendant to examine physical evidence in the possession of the state.

LR2-400(D)(1) (2014). The language contained in this rule requires physical[9] copies of documentary and audio-visual evidence *in addition* to the provision of a speed letter. *See Starko, Inc. v. N.M. Human Servs. Dep't*, 2014-NMSC-033, ¶ 46, 333 P.3d 947 ("New Mexico courts have long honored [the] statutory command [that the text of a statute or rule is the primary, essential source of its meaning] through application of the plain meaning rule, recognizing that when a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." (alteration, internal quotation marks, and citation omitted)); *Frederick v. Sun 1031, LLC*, 2012-NMCA-118, ¶ 17, 293 P.3d 934 ("When construing our procedural rules, we use the same rules of construction applicable to the interpretation of statutes." (internal quotation marks and citation omitted)). Moreover, pursuant to the language of the local rule, a speed letter is intended to allow the inspection of physical evidence—such as a gun or a knife. It is not intended to allow the State to avoid providing actual copies of the documentary and audio-visual evidence as required by the local rule.

**{29}** Thus, for the reasons discussed above, the State was required to provide Defendant copies of the lapel camera recording and the two interviews between Defendant and detectives. Having failed to do so, the State was in violation of LR2-400(D)(1) (2014) and subject to sanctions pursuant to LR2-400(D)(4) (2014). Unlike the sanction provision

---

[9]Copies may be provided electronically or in print. LR2-400(D)(5) (2014).

11

governing violations of track deadlines, sanctions pursuant to LR2-400(D)(4) (2014) are purely discretionary. *Id.* ("If the state fails to comply with any of the provisions of this rule, the court may enter such order as it deems appropriate under the circumstances, including but not limited to prohibiting the state from calling a witness or introducing evidence.").[10] Given the discretionary nature of such sanctions, we do not discern any conflict between the local rule and the case law limiting the district court's exercise of discretion when excluding evidence as a sanction, at least not under the facts of this case. We conclude again that the principles set out above, requiring consideration of lesser sanctions and prejudice to Defendant, still apply. Given that lesser sanctions are available but were not considered, and that Defendant received the discovery four months prior to trial and two months prior to the pre-trial motions deadline, we reverse the district court's order excluding all audio-visual evidence. We remand for consideration of an appropriate sanction.

**{30}** We continue to observe, however, that the State cannot blithely disregard the requirements of the local rule, turn things over late, argue that there was no prejudice to a defendant's case because the pre-trial motion deadline has not run, and avoid repercussions. The local rule requires that a defendant be provided copies of evidence against him at the time of arraignment. Moreover, the time frames set forth in the local rule are short, and delay is certain to impact the ability of the case to proceed in accordance with the track deadlines. While "[c]ourts should apply the extreme sanction of exclusion of a party's evidence sparingly[,]" *State v. Guerra*, 2012-NMSC-014, ¶ 33, 278 P.3d 1031, we specifically note the availability of lesser sanctions, such as dismissal without prejudice, that may help to curtail the late disclosure of evidence in the future.

**CONCLUSION**

**{31}** Our ruling today incorporates our understanding of the overarching purpose of the local rule, that being to facilitate the progression of cases in the Second Judicial District and lessen the duration of pending criminal proceedings. We do not believe that the local rule was designed to serve as a technical mechanism by which important witnesses in criminal cases are excluded, core evidence suppressed as a matter of first resort, or cases themselves abruptly dismissed with prejudice. Nor do we think our Supreme Court intended to, barring direct conflict with a specific provision of the local rule, render *Harper* wholly inapplicable in but one of the thirteen judicial districts in New Mexico. For these reasons, we reverse the district court's order excluding witnesses and audio-visual evidence. While we note that there may be situations in which the new case management pilot rule will conflict with case law limiting the discretion of the district court to exclude witnesses, suppress evidence, and dismiss with prejudice, we conclude that the facts of this case present no such conflict.

---

[10]We note again that the amended version of the rule eliminated the district court's discretion in whether to sanction for discovery violations, replacing LR2-400(D)(4) (2014) with LR2-308(I), applicable to any discovery or timeline violation of the local rule. Thus, our conclusion on this issue is of limited applicability.

**{32}** **IT IS SO ORDERED.**

                                              _____

                                              **J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**JULIE J. VARGAS, Judge**