The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Opinion Number: _____**

**Filing Date: March 30, 2023**

**NO. S-1-SC-38802**

**STATE OF NEW MEXICO,**

Plaintiff-Respondent,

v.

**TITO LOPEZ,**

Defendant-Petitioner.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Cristina T. Jaramillo, District Judge**

Bennett J. Baur, Chief Public Defender
Steven James Forsberg, Assistant Appellate Defender
Santa Fe, NM

for Petitioner

Hector H. Balderas, Attorney General
Walter M. Hart III, Assistant Attorney General
Santa Fe, NM

for Respondent

**OPINION**

**ZAMORA, Justice.**

{1}     In this opinion, we address whether the tolling provision contained in Rule 7-506.1(D) NMRA of the Rules of Criminal Procedure for the Metropolitan Courts applies to cases that are dismissed without prejudice by the court in addition to cases voluntarily dismissed by the prosecution. In the metropolitan court, "[t]he trial of a criminal citation or complaint shall be commenced within one hundred eighty-two (182) days after" the date of arraignment or after the date of one of six other events enumerated in the rule, whichever occurs last. Rule 7-506(B) NMRA. However, "[i]f a citation or complaint is dismissed without prejudice and the charges are later refiled," "[t]he time between dismissal and refiling shall not be counted as part of the unexpired time for trial under Rule 7-506." Rule 7-506.1(D). We hold that this tolling provision applies with equal force to cases dismissed by the court and to cases voluntarily dismissed by the prosecution and conclude that, with the benefit of the tolling provision here, the time for the State to bring Defendant Tito Lopez to trial did not expire before Defendant entered into his conditional plea agreement. We therefore affirm Defendant's conviction.

**I.      BACKGROUND**

{2}     On January 19, 2018, Defendant was arraigned in the metropolitan court on

charges including aggravated driving while intoxicated (DWI) and reckless driving. As applied to this case, Rule 7-506(B) required Defendant's trial to commence within 182 days of arraignment, which would have run on July 20, 2018, assuming that no extensions of time were granted under Rule 7-506(C) and that no tolling was warranted under Rule 7-506.1(D).

{3}     The case was initially set for trial on April 30, 2018, but was continued to June 4, 2018, because Defendant had not received a police lapel video. The arresting officer did not appear on June 4, and the State could not explain his absence. The State requested a continuance, and Defendant moved to dismiss. The metropolitan court dismissed the case without prejudice because the State was not prepared for trial.

{4}     On June 14, 2018, the State filed a notice of refiling of the dismissed complaint. Several days later, the metropolitan court sent a notice of jury trial to the parties, setting trial for July 18, 2018, but on the following day issued sua sponte a new notice to the parties resetting trial for July 24, 2018, with instructions to disregard the previous setting.

{5}     On July 23, 2018, one day before the scheduled trial date, Defendant filed a motion to dismiss with prejudice for failure to prosecute under Rule 7-506(B), arguing that the State's deadline to try Defendant was July 20. At the July 24 trial

setting, Defendant argued that the tolling provision of Rule 7-506.1(D) applies only to voluntary dismissals, and that to apply the tolling provision in circumstances where the court dismisses a case as a sanction against the State would lead to an absurd result because the State would benefit from its own mistake. The State argued that the tolling provision of the rule does not itself differentiate between voluntary and court-ordered dismissals and that applying the tolling provision equally to court-ordered dismissals and voluntary dismissals would not affect the substantial rights of Defendant. The metropolitan court agreed with the State and concluded that the 182-day rule was tolled for ten days under Rule 7-506.1(D)—stating that "time between dismissal [on June 4] and refiling [on June 14] shall not be counted as part of the unexpired time for trial" and accordingly ruled that the extended deadline to bring Defendant to trial was July 30, 2018. Defendant then entered a conditional plea, reserving the right to challenge the tolling issue on appeal.

{6}     Defendant timely appealed to the district court, which affirmed the metropolitan court. The district court reasoned that because any dismissal without prejudice can be refiled and because Rule 7-506.1 applies to "both voluntary dismissals and refiled proceedings," the provisions of the rule addressing refiled complaints apply to a dismissal without prejudice "regardless of whether it is initiated by the State or the court."

{7} Defendant appealed to the Court of Appeals which affirmed the district court, agreed with the analysis of the district court, and concluded that Defendant "failed to demonstrate error by the district court." *State v. Lopez*, A-1-CA-38049, mem. op. ¶ 4 (N.M. Ct. App. Apr. 5, 2021) (nonprecedential). We granted certiorari to address whether the metropolitan court's dismissal of the case without prejudice tolled the trial deadline under Rule 7-506.1(D).

## II. DISCUSSION

### A. Standard of Review

{8} The outcome of this appeal turns on the proper interpretation of Rule 7-506.1(D), a legal question that we review de novo. *See State v. Sanchez*, 2020-NMSC-017, ¶ 12, 476 P.3d 889.

### B. The Tolling Provision of Rule 7-506.1(D) Applies to All Criminal Cases Dismissed Without Prejudice in the Metropolitan Court

{9} Defendant argues that the tolling provision of Rule 7-506.1(D) is not intended to apply to dismissals without prejudice by the court because the overall purpose of the metropolitan court rules and the court's authority to dismiss cases without prejudice as a sanction against the state would be undermined if the tolling provision applied to court-ordered dismissals without prejudice. The State counters that the plain language of Rule 7-506.1(D) applies to all dismissals without prejudice "and

4

is not in any way limited to voluntary dismissals filed by the State." We agree with the State.

{10} We interpret our rules of procedure "by seeking to determine the underlying intent of the enacting authority." *State v. Villanueva*, 2021-NMCA-016, ¶ 42, 488 P.3d 680. "When construing our procedural rules, we use the same rules of construction applicable to the interpretation of statutes. We begin by examining the plain language of the rule as well as the context in which it was promulgated, including the history of the rule and the object and purpose." *Sanchez*, 2020-NMSC-017, ¶ 12 (internal quotation marks and citations omitted). Our plain language review is not mechanical, however, as "[w]e interpret the Rules of Criminal Procedure with logic and common sense to avoid absurd results." *Walker v. Walton*, 2003-NMSC-014, ¶ 11, 133 N.M. 766, 70 P.3d 756.

{11} Rule 7-506.1, titled "Voluntary dismissal and refiled proceedings," provides in Rule 7-506.1(D):

> If a citation or complaint is dismissed without prejudice and the charges are later refiled, the case shall be treated as a continuation of the same case, and the trial on the refiled charges shall be commenced within the unexpired time for trial under Rule 7-506 NMRA, unless the court, after notice and a hearing, finds the refiled complaint should not be treated as a continuation of the same case. The time between dismissal and refiling shall not be counted as part of the unexpired time for trial under Rule 7-506 NMRA.

Under the rules of construction, "we first turn to the plain meaning of the words at

issue, often using the dictionary for guidance." *State v. Boyse*, 2013-NMSC-024, ¶ 9, 303 P.3d 830. "The plain language of the statute is the primary indicator of legislative intent." *State v. Olsson*, 2014-NMSC-012, ¶ 18, 324 P.3d 1230. The term "dismissal" is not defined in our Rules of Criminal Procedure, nor does our case law directly define the term in this context. *Black's Law Dictionary* broadly defines "dismissal without prejudice" as a "dismissal that does not bar the plaintiff from refiling the lawsuit within the limitations period." *Dismissal*, *Black's Law Dictionary*, 589-90 (11th ed. 2019). This definition includes dismissals initiated by either party or the court in a criminal case. *See id.*

{12}    Additionally, our rules and case law reflect that dismissals without prejudice are commonly understood to include both voluntary dismissals initiated by the prosecution and dismissals ordered by the court. *See* Rule 7-506.1(A) ("The prosecution may dismiss a citation or criminal complaint by filing a notice of dismissal . . . . Unless otherwise stated in the notice, the dismissal is without prejudice."); *Walker*, 2003-NMSC-014, ¶¶ 1, 3 (explaining that a metropolitan court judge dismissed a case without prejudice because witness interviews had not been completed at the time of the scheduled trial date). Moreover, our appellate courts have referred to "dismissals without prejudice" in the civil context as inclusive of both dismissals ordered by a court, *see Sunwest Bank of Albuquerque v. Nelson*,

6

1998-NMSC-012, ¶¶ 1, 5-9, 125 N.M. 170, 958 P.2d 740, and dismissals initiated by a plaintiff, *see Becenti v. Becenti*, 2004-NMCA-091, ¶¶ 2, 5, 136 N.M. 124, 94 P.3d 867. We presume this Court was aware of existing rules and case law when we amended Rule 7-506.1(D). *Cf. State v. Thompson*, 2022-NMSC-023, ¶ 18, 521 P.3d 64 ("We . . . presume that the Legislature is well informed and aware of existing statutory and common law."). Thus, from a textual perspective, it is clear that the term "dismissed without prejudice" as used in Rule 7-506.1(D) was intended to apply to both voluntary and involuntary dismissals.

{13}    Beyond the plain meaning of the term "dismissed without prejudice" as it appears in Rule 7-506.1(D), we also examine the rule in its entirety, "constru[ing] each part in connection with every other part to produce a harmonious whole and consider[ing] the practical effects of our interpretation." *Reule Sun Corp. v. Valles*, 2010-NMSC-004, ¶ 41, 147 N.M. 512, 226 P.3d 611 (internal quotation marks and citation omitted). Rule 7-506.1(A) and (B) by their terms apply only to voluntary dismissals initiated by the state. Rule 7-506.1(A) sets out the procedure for the prosecution to dismiss a citation or criminal complaint, referring to those dismissals as "[v]oluntary dismissal[s]." The bail bond provisions of Rule 7-506.1(B) follow suit, referring specifically to "notice[s] of dismissal under Paragraph A of this rule." In contrast, Rule 7-506.1(C) and (D) of the rule do not distinguish between

7

dismissals by the state and court-ordered dismissals in delineating the form and procedure to be followed by the state in refiling a citation or complaint that has been "dismissed without prejudice."

{14} In general, courts "presume differences in language . . . convey differences in meaning" when interpreting statutes. *Henson v. Santander Consumer USA Inc.*, 582 U.S.79, 86 (2017); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170 (Thomson/West 2012) (observing that, under the presumption of consistent usage, "a material variation in terms suggests a variation in meaning"); *State v. Jade G.*, 2007-NMSC-010, ¶ 28, 141 N.M. 284, 154 P.3d 659 ("[W]hen the Legislature includes a particular word in one portion of a statute and omits it from another portion of that statute, such omission is presumed to be intentional."). The textual differences between the specific provisions of Rule 7-506.1(A) and (B) and the generic provisions of Rule 7-506.1(C) and (D) strongly suggest that the former were meant to apply only to voluntary, state-initiated dismissals without prejudice while the latter were meant to apply more broadly to all dismissals without prejudice. Were the tolling provision of Rule 7-506.1(D) intended to apply only to voluntary dismissals without prejudice, it presumably would have contained language to that effect, such as the language of Rule 7-506.1(B) referring to a citation or complaint that is voluntarily dismissed without

8

prejudice by the state "under Paragraph A of this rule."

{15}   The title of Rule 7-506.1, "Voluntary dismissals and refiled proceedings," does not affect our conclusion that Rule 7-506.1(D) applies to both voluntary and court-ordered dismissals without prejudice for two reasons. First, we will only use the title of an act if it is necessary to the act's construction. *See Tri-State Generation & Transmission Ass'n, Inc. v. D'Antonio*, 2012-NMSC-039, ¶ 18, 289 P.3d 1232. Second, even if we were to consider the title of Rule 7-506.1, the title refers to voluntary dismissals *and* refiled proceedings. The coordinating conjunction "and" links *independent* ideas. *See Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 236 (2011); *see also N.Y. Legal Assistance Grp. v. Bd. of Immigr. Appeals*, 987 F.3d 207, 217 (2d Cir. 2021) ("A coordinating [con]junction like 'and' is typically used for linking independent ideas." (internal quotation marks and citation omitted)). Thus, the title of Rule 7-506.1 addresses the *independent* procedures of voluntary dismissals *and* refiled proceedings; "voluntary dismissals" does not qualify or modify "refiled proceedings." These independent procedures may overlap: refiled proceedings may include cases refiled after dismissal by the court, not just after voluntary dismissal by the prosecution. The plain language of Rule 7-506.1(D), when read in the context of the rest of the rule, indicates that we intended to apply the tolling provision to all dismissals without prejudice, including those ordered by the metropolitan court.

{16} The history of Rule 7-506.1(D) further supports our conclusion that a case dismissed without prejudice under this rule includes dismissals ordered by the court in addition to those initiated by the state. In *Walker*, this Court considered the application of Rule 7-506(D) (1999) to a dismissal without prejudice ordered by the metropolitan court. 2003-NMSC-014, ¶¶ 3, 12. At that time, Rule 7-506(D) (1999) stated,

> If criminal charges are dismissed without prejudice and later refiled, the trial on the refiled charges shall be commenced within the unexpired time for trial pursuant to Paragraph E of this rule, unless the court, after notice and a hearing, finds good cause for the trial to commence within one hundred eighty-two (182) days.

Rule 7-506(E) (1999) mandated that a case be dismissed with prejudice if it was not brought to trial within 182 days of the defendant's arrest or filing of a complaint or citation against the defendant, whichever occurred later. In *Walker*, the metropolitan judge dismissed the case without prejudice after the state was unprepared for jury trial for the second time. 2003-NMSC-014, ¶¶ 1-3. The state subsequently filed a notice of refiling and a complaint identical to the original. *Id.* ¶ 4. The defendant then filed a notice of excusal of the original judge. *Id.* ¶ 5. A second metropolitan court judge held that the notice of excusal was invalid for reasons including that it was not timely filed. *Id.*; *see also* Rule 7-106(D) NMRA (1999) (setting out timing for filing an excusal). This Court held that the refiled charges were to be considered

a continuation of the original charges under Rule 7-506(D) NMRA (1999) and that the time for the defendant to file his notice of excusal had therefore expired. *Id.* ¶¶ 12-13. Although *Walker* concerned the predecessor to the rule at issue in this case, its holding rested on the premise that a dismissal without prejudice ordered by the metropolitan court was governed by Rule 7-506(D) (1999). *See Walker*, 2003-NMSC-014, ¶ 12. Rule 7-506(D) (1999) is substantially similar to Rule 7-506.1(D) except for the additional tolling provision, the last sentence of Rule 7-506.1(D).

{17} Despite subsequent amendments and technical changes, the substance of current Rule 7-506.1(D) is the same as prior versions of the rule—that is, when charges are refiled after a dismissal without prejudice, the default rule is that the case is treated as though it were the same case as the one originally filed. *Compare* Rule 7-506(D) (1999) *with* Rule 7-506.1(D); *see also Walker*, 2003-NMSC-014, ¶ 12. Nothing in the amendments to the rule since *Walker* was decided suggests that the rules committee or this Court intended to exclude dismissals by the metropolitan court from this continuity rule. *Cf. State v. Chavez*, 2008-NMSC-001, ¶ 21, 143 N.M. 205, 174 P.3d 988 ("This Court presumes that the Legislature is aware of existing case law and acts with knowledge of it."). Thus, just as *Walker* applied Rule 7-506(D) (1999) to a dismissal without prejudice ordered by the metropolitan court, we conclude that this Court intended to apply Rule 7-506.1(D), including the tolling

provision added to this rule in 2017, to dismissals of that type as well.

{18} Defendant argues that it would be absurd to apply the tolling provision of Rule 7-506.1 (D) to involuntary dismissals without prejudice because to do so would effectively render a dismissal without prejudice a mere "de fact[o] continuance," benefitting the prosecution for its own mistake. This would require a metropolitan court judge to resort to the drastic step of dismissing a case *with prejudice* in order to punish a "dilatory prosecution." We are unpersuaded. Dismissals without prejudice remain an effective sanction even if the 182-day rule is tolled under Rule 7-506.1(D) because they serve as a cautionary warning to the state that more severe sanctions may be in order if it continues to be unprepared for trial. Our Court of Appeals emphasized this same concept in the context of local discovery rules in *State v. Seigling*, 2017-NMCA-035, ¶ 23, 392 P.3d 226. In *Seigling*, the district court excluded witnesses and suppressed all audio and video evidence after the state failed to satisfy the discovery requirements of LR 2-400(D) (2014). *Id.* ¶¶ 6-7. On the state's appeal, the Court of Appeals rejected the defendant's argument that the local rule conflicted with *State v. Harper*, 2011-NMSC-044, ¶ 21, 150 N.M. 745, 266 P.3d 25, which requires courts to consider lesser sanctions before excluding witnesses or dismissing a case without prejudice for violating discovery orders. *Seigling*, 2017-NMCA-035, ¶ 23. The Court reasoned that the local rule "clearly contemplate[d]

that dismissals without prejudice will be utilized" by the district court and would "warn[] the [s]tate that further failures to adhere to the requirements of the local rule may result in the [s]tate being disallowed from prosecuting [the d]efendant." *Id.* As *Seigling* appropriately recognized, dismissals without prejudice can be a useful deterrent against dilatory prosecutions by putting the state on notice that any further delay in trial caused by the state would likely result in a harsher sanction, including the outright dismissal of the case with prejudice. *See id.*

{19} Rather than accepting the State's interpretation of Rule 7-506.1(D) as absurd, we submit that adopting Defendant's reading of Rule 7-506.1(D) and excluding involuntary dismissals without prejudice from the tolling provision of Rule 7-506.1(D) could lead to the unwanted result of insulating the state from the refiling requirements of Rule 7-506.1(C) for court-ordered dismissals. This Court interprets "identical words used in different parts of the same act as having the same meaning." *Jade G.*, 2007-NMSC-010, ¶ 28 (brackets, internal quotation marks, and citation omitted). By their plain language, Rule 7-506.1(C) and (D) both apply to citations or complaints that are "dismissed without prejudice." *See* Rule 7-506.1(C) (providing the procedure for refiling complaints after "a citation or complaint is dismissed without prejudice"); Rule 7-506.1(D) ("If a citation or complaint is dismissed without prejudice and the charges are later refiled, the case shall be treated

13

as a continuation of the same case, and the trial on the refiled charges shall be commenced within the unexpired time for trial under Rule 7-506 NMRA."). If the phrase "dismissed without prejudice" is interpreted to *exclude* court-ordered dismissals without prejudice under Rule 7-506.1(D), there would be no principled reason to *include* such dismissals without prejudice within the ambit of Rule 7-506.1(C). We reject this inconsistent reading of Rule 7-506.1(C) whereby the refiling requirements would apply to the prosecution's voluntary dismissals without prejudice but not to court-ordered dismissals without prejudice.

{20} We conclude that giving effect to the plain language of Rule 7-506.1(D) by including court-ordered dismissals in the tolling provision of the rule would not lead to an absurd or unjust result but rather is necessary to promote a consistent reading of the language of the rule. Therefore, we hold that the tolling provision of Rule 7-506.1(D) applies equally to dismissals without prejudice ordered by the metropolitan court as it does to dismissals filed by the prosecution.

**C.      The Time for Trial Under Rule 7-506 Did Not Expire Before Defendant Entered His Guilty Plea**

{21} Having determined that the time for trial under Rule 7-506 is tolled between a dismissal without prejudice by the metropolitan court and the refiling of the complaint, we conclude that the time to bring Defendant to trial had not expired before he entered into the conditional plea agreement. The metropolitan court

14

dismissed the complaint against Defendant without prejudice on June 4, 2018. At that point, the deadline to bring Defendant to trial was July 20, 2018. The State refiled the complaint against Defendant on June 14, 2018. The ten days between dismissal and refiling did not count toward the unexpired time for trial under Rule 7-506. *See* Rule 7-506.1(D). Therefore, the deadline to bring Defendant to trial was July 30, 2018. The July 24 trial setting was within the unexpired time to bring Defendant to trial, and the conditional plea agreement was therefore timely.

## III.   CONCLUSION

{22}   We hold that the tolling provision of Rule 7-506.1(D) applies to cases that are dismissed without prejudice including cases dismissed by the metropolitan court and cases voluntarily dismissed by the prosecution. We affirm Defendant's conviction because the time to bring him to trial had not expired prior to entry of his conditional guilty plea.

{23}   **IT IS SO ORDERED.**


_____
**BRIANA H. ZAMORA, Justice**

**WE CONCUR:**


_____
**C. SHANNON BACON, Chief Justice**

_____

**MICHAEL E. VIGIL, Justice**


_____

**DAVID K. THOMSON, Justice**


_____

**JULIE J. VARGAS, Justice**

16